William CRUZ and George L. Rodriguez,
M.D., Petitioners,

v.

WORKERS' COMPENSATION APPEAL
BOARD (PHILADELPHIA CLUB),
Respondent.

Commonwealth Court of Pennsylvania.

Argued March 11, 1999.
Decided April 13, 1999.

Diane Fenner, Philadelphia, for petitioners.

Paul V. Tatlow, Philadelphia, for respondent.

Before COLINS, President Judge, and SMITH, J., and McCLOSKEY, Senior Judge.

SMITH, Judge.

William Cruz (Claimant) and Dr. George L. Rodriguez (Provider or, collectively, Petitioners) petition for review of an order issued by the Workers' Compensation Appeal Board (Board) that affirmed a decision of the Workers' Compensation Judge (WCJ) to dismiss Provider's petition for review of an adverse Utilization Review (UR) determination. Petitioners question whether the WCJ committed reversible error by admitting certain medical evidence, whether the WCJ's actions deprived Petitioners of due process, whether the WCJ considered impermissible factors in rendering his decision and whether the WCJ failed to render a "reasoned decision."

Claimant suffered an injury to his back on July 1, 1994 in the course of his employment with Philadelphia Club (Employer). Claimant received benefits under the Workers' Compensation Act (Act), Act of July 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626, for temporary total disability pursuant to a notice of compensation payable. On September 25, 1995, Employer requested UR alleging that Provider's treatment of Claimant beginning May 18, 1995 was unreasonable and unnecessary. The first UR Organization (URO) physician to review the treatment was Dr. Harris Ross. Dr. Ross found Provider's therapy reasonable except for one modality that could have been self-administered in a home setting. On reconsideration, Dr. In–Bum Park found all treatment reasonable and necessary until August 17, 1996, but unreasonable thereafter.

On May 17, 1996, Provider petitioned the WCJ for *de novo* review of the UR determination. While proceedings before the WCJ were ongoing, the General Assembly enacted the Act of June 24, 1996, P.L. 801 (Act 57). Among other provisions, Act 57 amended the UR procedures to require the WCJ to consider reports from UROs. *See* Section 306(f.1)(6)(iv) of the Act, 77 P.S. § 531(6)(iv); *Acme Markets, Inc. v. Workers' Compensation Appeal Board (Johnson)*, 725 A.2d 863 (Pa.Cmwlth.1999). The WCJ thereafter admitted the reports of Drs. Ross and Park over Provider's objection. The WCJ also admitted deposition testimony from Dr. Stanley R. Askin over Provider's objection. Because Dr. Askin's testimony was taken on February 7, 1996 in a concurrent modification petition, Provider received no notice of the deposition and was not represented.

Relying principally on the opinions of Drs. Askin and Park, the WCJ found Provider's treatment unreasonable after August 17, 1996. The WCJ discredited Provider's testimony because Provider had a financial interest in payment for the treatment [1] and be-

---

1. It would be unusual for the provider to have no interest in payment for the treatment at issue in a

cause Provider acknowledged that in a year of treatment there was no improvement in Claimant's condition from a functional standpoint. The Board affirmed and this appeal followed.[2]

■ Petitioners first contend that the WCJ erred in admitting the UR reports of Drs. Park and Ross. Petitioners maintain that the WCJ should have applied the law in effect when the petition was filed. It is well settled that legislation concerning purely procedural matters applies to litigation existing at the time of its passage. *Morabito's Auto Sales v. Department of Transportation,* 552 Pa. 291, 715 A.2d 384 (1998); *Ruth Family Medical Center v. Workers' Compensation Appeal Board (Steinhouse),* 718 A.2d 397 (Pa.Cmwlth.1998). Although the demarcation at times may be shadowy, substantive laws generally affect rights whereas procedural laws address the methods by which those rights are enforced. *Morabito's Auto Sales.* The Act 57 amendments to Section 306(f.1)(6)(iv) at issue in this case do little more than expand the expert medical reports available for the WCJ's consideration. As such the Court concludes that the amendments are purely procedural and thus are properly applied to pending litigation. *Ruth Family Medical Center.*

■ Alternatively, Petitioners maintain that Section 306(f.1)(6)(iv) should be read in conjunction with Section 422 of the Act, 77 P.S. § 835, which among other things permits the admission of medical reports where the claim at issue involves 52 weeks of disability or less. If the claim exceeds 52 weeks of disability then the report is admissible unless an opposing party objects. The purpose of these provisions is to promote effi-

ciency in the administration of short-term benefit claims. *Ruth,* 718 A.2d at 402 n. 10. Nothing in the section suggests any intent to limit evidence properly admitted under other statutory provisions. Accordingly, the Court concludes that UR medical reports were properly considered by the WCJ.[3]

■ Petitioners argue that the WCJ erred in admitting the deposition of Dr. Askin because it was inadmissible hearsay. In workers' compensation proceedings oral depositions are admissible despite their hearsay character when taken in accordance with the formal requirements found at 34 Pa.Code §§ 131.62—131.65 or upon waiver of those requirements by all parties. 34 Pa.Code § 131.66. Those formal requirements permit only oral depositions "taken at any time *subsequent* to 30 days after the date of service of the petition by the Bureau" and specifically provide that if a party fails to abide by the time limits then "the evidence will not be admitted, relied upon or utilized in the proceedings or referee rulings." 34 Pa.Code § 131.63 (emphasis added). As Dr. Askin's deposition was taken over four months before Provider filed his petition for review of UR determination, the deposition was not taken in compliance with the time requirements and should not have been admitted or relied upon by the WCJ. Also, Provider was denied notice of the deposition in violation of 34 Pa.Code § 131.64 and was deprived of his right to cross-examine the doctor at the deposition.

■ The WCJ overruled Provider's hearsay objection to Dr. Askin's deposition because:

> Dr. Askin was extensively cross-examined by counsel for Claimant … at the deposi-

UR proceeding, but the provider's testimony is competent nevertheless. *Acme Markets, Inc.*

2. This Court's review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Acme Markets, Inc.*

3. Petitioners also contend that the UR reports were improperly admitted because the Third Circuit Court of Appeals held in *Sullivan v. Barnett,* 139 F.3d 158 (3d Cir.), *rev'd, American Manufac-*

*turers Mutual Insurance Co. v. Sullivan,* —— U.S. ——, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999), that certain aspects of the UR procedures were unconstitutional. Petitioners further argue that the UR procedures that were applied in this case violated due process. Petitioners do not develop either of these arguments beyond referencing the Third Circuit decision. The United States Supreme Court rejected the Third Circuit Court of Appeals' due process analysis when it reversed *Sullivan* and determined that the UR procedure at issue is constitutional. Accordingly, these arguments are without merit.

tion which took place on February 7, 1996 prior to the resolution of the wage loss claim and counsel for Claimant had a strong interest in showing the need for ongoing wage loss benefits and treatment including that with [Provider]. WCJ's Findings of Fact No. 6. This reasoning appears to follow the federal "former testimony" exception to the hearsay rule. Under the federal exception identity of the parties is not essential as long as a predecessor in interest of the party against whom the testimony is offered had an opportunity and similar motive to cross-examine the witness. Fed.R.Evid. 804(b)(1). A similar exception appears in the new Pennsylvania Rules of Evidence, *see* Pa.R.E. 804(b)(1) (effective October 1, 1998), but it is questionable whether Pennsylvania applied the former testimony exception so broadly before the enactment of those rules, *see Estate of Keefauver*, 359 Pa.Super. 336, 518 A.2d 1263 (1986). Regardless, the former testimony exception applies only when the declarant is unavailable to testify at the present proceeding. *See J.K. v. Department of Public Welfare*, 721 A.2d 1127 (Pa.Cmwlth.1998); Fed.R.Evid. 804(b)(1); Pa.R.E. 804(b)(1). There is no indication in the record that Dr. Askin was unavailable to testify or to provide a deposition for the instant proceedings in accordance with the formal requirements. Thus the former testimony exception to the hearsay rule is inapplicable, and the WCJ erred *in relying* on Dr. Askin's deposition in the UR proceedings as it represented inadmissible hearsay.[4]

■■■ Employer argues that even if Dr. Askin's deposition was inadmissible hearsay, it was proper for the WCJ to rely upon it because the deposition was corroborated by the report of Dr. Park. The Board upheld the WCJ's evidentiary ruling on those grounds. It is well established that workers' compensation proceedings are not governed by technical rules of evidence, but all findings of fact

must be based on sufficient competent evidence. Section 422(a) of the Act, 77 P.S. § 834; *Anzaldo v. Workmen's Compensation Appeal Board (M & M Restaurant Supply Co.)*, 667 A.2d 488 (Pa.Cmwlth.1995). Nevertheless, hearsay evidence to which a proper objection has been made is not, standing alone, sufficient competent evidence to support a factual finding. *Pertile v. Workmen's Compensation Appeal Board (Construction Engineering Consultants, Inc.)*, 546 Pa. 569, 687 A.2d 367 (1997). Therefore, the Court must determine whether, excluding the inadmissible hearsay, the factual findings to which that evidence related are nonetheless supported by substantial evidence. *See Benson v. Workmen's Compensation Appeal Board (Haverford State Hospital)*, 668 A.2d 244 (Pa.Cmwlth.1995) (discussing *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976)); *see also Joyce v. Workmen's Compensation Appeal Board (Ogden/Allied Maintenance)*, 550 Pa. 244, 705 A.2d 417 (1997).

The majority of Dr. Park's report, which is approximately one and one-half pages in length, is devoted to a recital of Claimant's medical history. Only two paragraphs address Dr. Park's reasons for concluding that the treatment at issue is unreasonable. Those paragraphs provide in relevant part:

According to [Provider] on the telephone, his therapy is not treating the patient's pathology, rather it is to control this pain level to make the patient functional at home.... Upon reviewing [Provider's] reports, it is not clear why [Claimant] suffers his symptoms of back pain and pain in the leg and gait abnormalities other than [sic] he sustained back sprain on 7/8/94.

Based on the review of the medical records and telephone conversation, I reached the conclussion [sic] that for [sic] initial treatments of therapeutic trial by [Provider] in his Motion Recovery Center seemed

---

4. Provider disputes the WCJ's conclusion that Claimant had sufficiently similar interests to adequately represent Provider at Dr. Askin's deposition. Because the former testimony exception is wholly inapplicable, the Court need not address that argument. Nevertheless, the Court notes that a claimant's interests in a modification pro-ceeding do not always harmonize with his or her provider's interests in a related UR proceeding. At oral argument, counsel for Employer conceded that during Dr. Askin's deposition Claimant's interests were not the same as Provider's interests because Claimant faced no liability to pay Provider's fees.

reasonable and medically necessary until 8/17/95.[5] However treatment after 8/17/95 does not seem to be medically reasonable or necessary. ... [Provider] tried to make him better with his therapeutic regimen which failed to irradicate [sic] the symptoms and [Provider] continued to treat him until recently.

Employer's Exhibit No. 3 (footnote added). In short, Dr. Park opines that Provider's treatment was not reasonable or necessary because it was designed only to control Claimant's pain rather than to cure his condition.

 Nevertheless, treatment may be reasonable and necessary even if it is designed to manage the claimant's symptoms rather than to cure or permanently improve the underlying condition. *See Pennsylvania Turnpike Commission v. Workers' Compensation Appeal Board (Collins),* 709 A.2d 460 (Pa.Cmwlth.1998) (affirming a WCJ's finding that intramuscular stimulation was a reasonable and necessary treatment to relieve a claimant's pain); *Tobias v. Workmen's Compensation Appeal Board (Nature's Way Nursery, Inc.),* 141 Pa.Cmwlth. 438, 595 A.2d 781 (1991) (concluding that artificial insemination of a claimant's spouse can be reasonable and necessary medical treatment); *Rieger v. Workmen's Compensation Appeal Board (Barnes & Tucker Co.),* 104 Pa. Cmwlth. 42, 521 A.2d 84 (1987) (ordering a claimant whose work-related injury resulted in paraparesis of his legs reimbursed for the costs of home remodeling and automobile hand controls). It is possible that Claimant's condition cannot be permanently improved, but that would not render all treatment designed to manage his ongoing pain unreasonable or unnecessary.

 Provider explained that, although diagnostic studies showed no functional improvement in Claimant's condition over the long term, his treatment was necessary to maintain Claimant's current functional level and that Claimant would suffer more pain without it. The WCJ rejected this testimony as speculative and unconvincing. However,

an employer seeking to avoid payment for medical services in a UR proceeding has a never-shifting burden to prove that the treatments in question are unnecessary or are unreasonable. *See Topps Chewing Gum v. Workers' Compensation Appeal Board (Wickizer),* 710 A.2d 1256 (Pa.Cmwlth.1998). Accordingly, Employer bore the burden of refuting Provider's testimony by proving that the treatment in question was not a reasonable and necessary manner of managing Claimant's chronic pain.

 Excluding the inadmissible hearsay, there is no competent evidence in the record suggesting an alternative treatment to maintain Claimant's functional level and to manage his pain; nor is there any other competent evidence to establish that Provider's treatment was unreasonable or unnecessary for that task. Thus the competent evidence of record is insufficient to support the WCJ's decision. Moreover, even if the competent evidence were sufficient, allowing the WCJ's decision to stand would be fundamentally unfair as Provider was deprived of notice of the deposition and of the right to cross-examine Dr. Askin without any good reason. In light of this conclusion there is no need to address Petitioners' remaining arguments. For the foregoing reasons, the order of the Board is reversed.

### ORDER

AND NOW this 13th day of April, 1999, the order of the Workers' Compensation Appeal Board is reversed.

---

**5.** No further explanation for the choice of this date appears in Dr. Park's report or any other evidence presented to the WCJ.