**Robert JACKSON, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BOEING), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 11, 2003.

Decided June 2, 2003.

Mark R. Schmidt, Media, for petitioner.

Elizabeth Anderson, Philadelphia, for respondent.

BEFORE: PELLEGRINI, Judge, COHN, Judge, AND JIULIANTE, Senior Judge.

OPINION BY JUDGE COHN.

Robert Jackson (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) denying the Petition to Review Utilization Review (UR) Determination filed by Peter Schatzberg, D.C. (Provider). We affirm.

The relevant facts found by the WCJ are as follows. Claimant sustained a work-related low back injury on May 4, 1998, while he was in the employ of Boeing (Employer). Beginning on February 3, 1999, Claimant began chiropractic treatment with Provider. On November 13, 2000, the WCJ issued an order granting Claimant's Claim Petition, in which Employer was ordered to pay all reasonable and necessary treatment rendered by Provider. On November 15, 2000, Provider issued a bill to Employer for services rendered to Claimant. On December 26, 2000, Employer filed a UR request challenging

the reasonableness and necessity of the chiropractic treatment provided to Claimant on and after February 3, 1999.[1] The Bureau assigned CEC Associates to conduct the UR.

After reviewing Claimant's medical record and diagnostic studies, as well as speaking with Provider, the UR reviewer, Eric G. Chesloff, D.C., concluded in his UR Determination report (Report) that Claimant's chiropractic care was reasonable and necessary from February 3, 1999 through July 10, 2000, but was unnecessary thereafter. Provider filed the instant petition to review the UR determination.

The WCJ conducted two hearings on this petition, one on May 2, 2001, the other on September 13, 2001. Employer presented Chiropractor Chesloff's UR report, which, pursuant to Section 306(f.1)(6)(iv) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(6)(iv), the WCJ admitted into evidence.[2] In the Report, Chiropractor Chesloff discussed his conclusion that Provider's chiropractic care to Claimant was unnecessary after July 10, 2000:

> Between February 3, 1999 and July 10, 2000, the patient underwent chiropractic treatment with Dr. Peter Schatzberg. That included manipulation, ultrasound, electrical stimulation, myofascial release therapy, and flexion/distraction. Home exercises were prescribed.
>
> The patient reportedly suffered soft tissue [sic] primarily of the lumbar spinal region of May 4, 1998. Since then he has undergone a substantial volume of treatment. The patient's condition was

arguably well into the chronic stage by the time he presented for chiropractic treatment in February of 1999. Especially under those circumstances, it is actually more of a disservice rather than a service to promote the use of ongoing passive physical modalities in soft tissue injury treatment, in general. In the present case, there is no prior history of chiropractic care as a result of the incident in question.

The periodic progress reports demonstrate objective findings that unfortunately fluctuate throughout the course of care, confirming a chronic condition characterized by periodic exacerbations. Further, the daily treatment notes indicate findings in a very general fashion, and I am not able to gauge objective improvement from them. *Generally, passive physical modalities exhaust their objective potential after a relatively brief initial trial, superseded over the long term by active exercises. The patient can learn to perform these on a solely self-monitored basis.*

In the present case, given the history, physical findings, and lack of evidence of prior chiropractic care, an interval of such care is warranted. Further, giving the benefit of the doubt, although the interval of care is extensive, the volume of care within has been relatively conservative. It is my opinion that chiropractic care is supported from February 3, 1999 through July 10, 2000 by the information supplied, but it is not supported beyond the latter date over a home program.

---

1. The Utilization Review Request submitted by Employer indicated that the date(s) of the treatment to be reviewed was "02/03/99 & ongoing."

2. Section 306(f.1)(6)(iv) of the Act provides in relevant part: "The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report."

(Chiropractor Chesloff's UR Report, p. 2–3) (footnotes omitted) (emphasis added).

In support of his petition, Provider submitted deposition testimony he had given on two different occasions,[3] as well as a supplemental report dated August 14, 2001. The WCJ, in summarizing this evidence, noted that:

Dr. Schatzberg testified that, as late as May, 1999, his treatment was designed to reduce claimant's pain and to keep him working. In his supplemental report, Dr. Schatzberg states that the Claimant receives treatment on an "as needed" basis, and continues to work for the Defendant. Unfortunately, Dr. Schatzberg has nothing to say on the points made by Dr. Chesloff in his report, and offers no comment regarding their telephone conversation of February 16, 2001.

(WCJ Decision, 12/19/01, Finding of Fact # 9). Upon review of both Employer's and Provider's evidence, the WCJ concluded:

This Judge has carefully considered the conflicting medical evidence, and finds the findings and opinions expressed in the report of Dr. Chesloff to be more credible and persuasive than those of Dr. Schatzberg. Dr. Chesloff has conceded that chiropractic care rendered up to July of 2000 was reasonable and necessary, thus rendering most of Claimant's evidence presented in this case to be superfluous. From July, 2000 and ongoing, Dr. Chesloff has presented a more persuasive case that chiropractic care is no longer necessary.

(WCJ Decision, 12/19/01, Finding of Fact # 10). The WCJ also noted that:

1. When the matter before the Judge concerns the reasonableness and necessity of medical treatment, the burden of proof shall always be assigned to the Defendant.

2. Defendant has met its burden of proving that all chiropractic care provided to the Claimant by Dr. Schatzberg after July 10, 2000, was neither reasonable nor necessary.

(WCJ Decision, 12/19/01, Conclusions of Law 1 and 2). Based upon his findings, the WCJ denied the Provider's petition to review the UR determination. On appeal, the Board affirmed the WCJ's decision. Claimant's appeal to this Court followed.

Claimant raises three issues for our review. First, he asserts that Employer bears the burden of proof in a petition to review a UR determination and, that in this case, the WCJ improperly shifted the burden to Provider. Second, he contends that Employer's evidence is in conflict with controlling case law. Third, he argues that Employer's Request for UR review was untimely. Employer challenges each of these contentions.[4]

---

3. The two deposition dates were July 13, 1999 and November 16, 1999.

4. This Court's scope of review is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988). Further, the party who prevailed before the WCJ, Employer in this matter, is entitled to the benefit of the most favorable inferences to be drawn from the evidence in the record. *Fulton v. Workers' Compensation Appeal Board (School District of Philadelphia)*, 707 A.2d 579 (Pa.Cmwlth.1998). The appellate role in a workers' compensation case is not to reweigh the evidence or review the credibility of the witnesses; rather, the Board and the appellate court must simply determine whether the WCJ's findings have the requisite measure of support in the record as a whole. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992).

First, Claimant argues that the WCJ improperly shifted the burden of proof from Employer to Provider. Claimant bases this argument on the language of the WCJ's Finding of Fact # 9, specifically the reference to Dr. Schatzberg's failure to respond in his supplemental report to the statements made by Dr. Chelsoff. Claimant argues that the WCJ failed to consider Provider's explanation, provided in the supplemental report that discussed why continued treatment was necessary, and maintains that the WCJ capriciously disregarded the supplemental report.

In response, Employer argues that Conclusions of Law # 1 and # 2 clearly indicate that the WCJ correctly placed the burden of proof on Employer. As to the supplemental report, Employer notes that the WCJ's Finding of Fact # 9 specifically acknowledges the report. It argues that this supplemental report was neither a regular business record nor one written in the course of treatment, but was instead written in contemplation of Provider's pending petition to review the UR review petition. As such, Employer maintains that the document's credibility was an issue for the fact finder to weigh. Citing to our decisions in *Phillips v. Workers' Compensation Appeal Board (Century Steel)*, 680 A.2d 45 (Pa.Cmwlth.1996), *reversed on other grounds*, 554 Pa. 504, 721 A.2d 1091 (1999), and *Consol Pa. Coal Co. v. Workers' Compensation Appeal Board (Bardos)*, 654 A.2d 292 (Pa.Cmwlth.1995), *petition for allowance of appeal denied*, 543 Pa. 697, 670 A.2d 144 (1995), Employer

argues that the WCJ, as the finder of fact, may accept or reject any witness' testimony in whole or in part, and that, in this case, the WCJ considered, but discounted, the value of the supplemental report.

We agree with Employer's argument. The WCJ clearly articulated the burden of proof and correctly applied it.[5] From our review of the record, we conclude that the necessary facts to support the WCJ's decision are present there. As noted in Findings of Fact # 9 and # 10, the WCJ considered the supplemental report, but found Provider's conclusions in it to be less persuasive than those of Dr. Chesloff.[6] As noted in *Phillips* and *Consol*, these credibility determinations are within the province of the fact finder. We will not, in our appellate capacity, reweigh the evidence or review the testimony. *Bethenergy Mines, Inc.*

Claimant's second argument is that the evidence conflicts with controlling case law, specifically that Dr. Chesloff's conclusions in the report as to why ongoing passive physical modalities are neither reasonable nor necessary conflict with case law which provides that palliative treatment determinations may be deemed necessary and reasonable. Claimant relies on *Glick v. Workers' Compensation Appeal Board (Concord Beverage Company)*, 750 A.2d 919 (Pa.Cmwlth.2000) and *Cruz v. Workers' Compensation Appeal Board (Philadelphia Club)*, 728 A.2d 413 (Pa. Cmwlth.1999), for the proposition that treatment may be reasonable and neces-

**5.** We disagree with Claimant's argument as to the language of Finding of Fact # 9 indicating an improper shifting of the burden of proof. This finding, when read in the context of the entire decision, demonstrates that Employer's evidence was found more credible than Provider's.

**6.** As noted by Employer in its brief before this Court, the supplemental report, prepared by

Provider in support of ongoing litigation, suggests an ongoing treatment relationship between Provider and Claimant that contradicts Provider's deposition testimony indicating that Claimant had been discharged from Provider's care with instructions to perform ongoing home exercises. Provider had not seen Claimant subsequent to the discharge.

sary, not only if it cures or permanently improves the condition, but even if the treatment only helps to manage symptoms. In line with these decisions, Claimant cites *Trafalgar House v. Workers' Compensation Appeal Board (Green)*, 784 A.2d 232 (2001), *petition for allowance of appeal denied*, 569 Pa. 687, 800 A.2d 935 (2002), as supporting the position that "palliative" treatment may be found reasonable and necessary.

In response, Employer agrees that the cited cases permit palliative treatment to be found reasonable and necessary, but argues that these cases are inapposite from the precise factual circumstances found here. Employer notes that the report does not find Provider's treatment of Claimant even palliative, noting that Provider's periodic assessment reports, after demonstrating significant initial benefit, over time showed no objective evidence of improvement or relief for Claimant. Employer noted that Chesloff, in the UR report, indicated that the findings in these assessment reports were consistent with published studies that demonstrate passive physical modalities were an effective treatment over the short term but, over time, were not only not-palliative, but could actually prove to be detrimental if not replaced with a self-monitored home exercise program. Employer notes that this position is consistent with Provider's own conclusion, in that Claimant was discharged from Provider's care in July 2000. It further notes that, in any event, this issue is moot because there has been no care rendered between July 2000 and the time the petition was filed, and that the care provided through July 2000 was determined to be necessary and reasonable.[7]

Medical treatment may be reasonable and necessary even when it is designed to manage the claimant's symptoms rather than to cure or permanently improve the underlying condition. *Cruz*. In a UR proceeding, an employer has the never-shifting burden of refuting the provider's testimony and establishing that the challenged medical treatment is unreasonable or unnecessary. *Topps Chewing Gum v. Workers' Compensation Appeal Board (Wickizer)*, 710 A.2d 1256 (Pa. Cmwlth.1998).

Relying on *Cruz* and *Glick*, Claimant contends that the evidence presented by Employer is insufficient to support the WCJ's finding that Chiropractor Schatzberg's treatment was unreasonable and unnecessary.

In *Cruz*, the provider testified that his treatment was necessary to maintain the claimant's functional level, although diagnostic studies showed no functional improvement, and indicated that the claimant would suffer more pain without the treatment. Over the objection of the provider, the employer then presented the deposition testimony of its medical witnesses who opined that the provider's treatment was unreasonable and unnecessary. Rejecting the provider's testimony and accepting the testimony of the employer's witnesses, the WCJ found that the treatment provided by the provider was unreasonable. In reversing the order of the Board, and affirming the WCJ's decision, this Court concluded that the evidence presented by the employer constituted inadmissible hearsay evidence and that the employer, therefore, failed to refute the provider's testimony by competent evidence. We, subsequently, held in *Glick* that the testimony of the employer's medical witness that the treat-

---

**7.** This argument belies that the petition itself indicated that UR was being performed for ongoing treatment. *See supra*, n. 1.

ment provided by the provider was only palliative in nature and did not produce lasting benefits was insufficient to establish that the treatment was unreasonable or unnecessary.

Unlike in *Cruz,* however, the competency of the evidence presented by Employer is not at issue in this matter. The WCJ relied on the conclusions reached by the Board-appointed UR Reviewer. Further, Employer, here, presented sufficient medical evidence to refute Chiropractor Schatzberg's supplemental report and establish that chiropractic treatment subsequent to July 2000 was no longer reasonable or necessary.

In the supplemental report, Chiropractor Schatzberg stated that Claimant was receiving periodic treatment that reduces the "pain, inflammation and relieves muscle spasm." To refute the evidence presented by Claimant, Employer presented the UR report in which Chiropractor Chesloff determined that ongoing treatment with Chiropractor Schatzberg was unreasonable and unnecessary. Chiropractor Chesloff noted that the passive chiropractic treatment was infrequent and that the treatment described by Schatzberg, although initially effective, is far less effective over time and, indeed, the continued use could be "more of a disservice rather than a service." Chesloff noted that the disservice arises because Claimant would benefit from more active exercises that he could self monitor at home.

■ The WCJ accepted the UR Report as being more credible than Chiropractor Schatzberg's report. In a workers' compensation case, questions involving credibility and weighing the evidence are within the exclusive province of the WCJ, who is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Kraemer v. Workmen's Compensation Appeal Board (Perkiomen Valley School District),* 82 Pa. Cmwlth.469, 474 A.2d 1236 (1984). Further, the WCJ's acceptance of one medical testimony over another does not constitute a reversible error. *Spring Gulch Campground v. Workmen's Compensation Appeal Board (Schneebele),* 148 Pa.Cmwlth. 553, 612 A.2d 546 (1992), *petition for allowance of appeal denied,* 533 Pa. 620, 619 A.2d 701 (1993). Since the WCJ's finding that the chiropractic treatment was unreasonable and unnecessary was based on credibility determinations, that finding is conclusive and may not be disturbed on appeal, unless it is arbitrary and capricious. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995).

■ Claimant's last issue is that Employer's initial review petition was untimely. In support of this argument, he cites to Section 306(f.1)(5) of the Act, 77 P.S. § 531(5), which provides that UR petitions must be filed within 30 days of receipt of the bill in question. Claimant notes that the bill in question was issued November 15, 2000, and the petition was submitted on December 26, 2000, past the 30 day filing period. Claimant also notes that the Board indicated in its opinion that the filing was late, but the error was harmless.[8] In response, Employer notes that the timeliness issue was not specifically raised by Claimant in its Appeal from

---

8. The Board opinion noted that:
   because [Employer] failed to file its Utilization Review Request within the thirty day time period, it was not timely filed and Defendant is not entitled to retrospective review. Section 306(f.1)(5); 34 Pa.Code § 127.404(b). However because the Judge denied Provider's Petition for Review of Utilization Review Determination, any error is harmless.
   (Board Opinion of 11/25/02, p. 6.)

Judge's Findings of Fact & Conclusions of Law and, as such, has been waived.

Claimant's argument fails to address that Employer's UR petition sought both retrospective and prospective review. While the 30 day period renders the *retrospective* review portion of the petition untimely,[9] the *prospective* review portion of the petition was appropriately before the WCJ. As the WCJ's conclusion that further chiropractic treatment was unnecessary had prospective application, and as the conclusion was supported in the record, the WCJ's decision was appropriate.

Accordingly, because the Board correctly affirmed the WCJ decision, we affirm the Board's decision.

### *ORDER*

**NOW**, June 2, 2003, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

---

9. As noted by the WCAB, because Claimant has received full compensation for all chiropractic treatment rendered up to the time the UR petition was filed, the WCJ's evaluation of retrospective benefits was harmless.