**James HOWRIE, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CMC EQUIPMENT RENTAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 6, 2005.

Decided July 20, 2005.

D. Bruce Hanes, Philadelphia, for petitioner.

Neil Mittelman, Blue Bell, for respondent.

BEFORE: FRIEDMAN, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

This case returns to us after remand in *Howrie v. Workers' Comp. Appeal Bd. (CMC Equip. Rental)*, No. 1657 C.D.2003 (Pa.Cmwlth. April 2, 2004) (*Howrie I*). James Howrie (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) to deny Claimant's petition for review of a utilization review determination. Because we agree Claimant's prolonged chiropractic treatment was not reasonable and necessary, and because the utilization reviewer's opinion did not violate 34 Pa.Code § 127.471(a), we affirm.

Claimant sustained a work-related injury to his right shoulder during his employment with CMC Equipment Rental (Employer) in 1990. Claimant was treated by various doctors, including Spencer Broad, D.C. (Provider). Between April 1991 and June 1995, Provider treated Claimant approximately 300 times for various right shoulder problems. The treatment included spinal manipulation, myofascial release techniques, massage, and electrical acupuncture.

Employer filed an initial utilization review request in 1994, seeking review of Provider's treatment of Claimant beginning in August 1993. Jesse Rothenberger, D.C., board-certified chiropractic orthopedist (Reviewer), determined treatment after August 1993 was not reasonable or necessary.

Provider filed a petition for review of the utilization determination, which ultimately proceeded to a hearing. Claimant did not testify before the WCJ, but Provider testified. Provider opined his treatment was reasonable and necessary.

However, he noted he could not cure Claimant, as the injury is permanent in nature. Provider opined Claimant attained maximum medical improvement in November 1993, after which point his treatment was supportive in nature.

Reviewer testified he reviewed Claimant's medical records and spoke with Provider by telephone. Reviewer concluded that by August 1993 so much time passed from the 1990 injury that Provider's treatment was of little value. At that point the treatment was not reasonable or necessary. He stated, while some continuing treatment may have been required, other means of treating Claimant's condition should have been explored.

The WCJ credited Reviewer's testimony over that of Provider and concluded Employer sustained its burden to demonstrate the treatment rendered after August 1993 was not reasonable or necessary. The Board affirmed, and Claimant appealed to this Court.

During his first appeal, Claimant argued in part: 1) the treatments rendered him by Provider were reasonable and necessary as palliative in nature; and, 2) Reviewer's opinion violated 34 Pa.Code § 127.471(a), which states, "[R]eviewers may not determine that the treatment under review is unreasonable or unnecessary solely on the basis that other courses of treatment exist." In *Howrie I*, we concluded the second argument raised an issue of first impression requiring remand to the Board.

On remand, the Board concluded Reviewer's opinion did not violate 34 Pa.Code § 127.471(a). Accordingly, the Board reaffirmed the WCJ's opinion.

■ Claimant again appeals to this

Court.[1] On this appeal, Claimant makes the same arguments referenced before.

■■■ Employer has the burden of demonstrating the medical treatment was unreasonable and unnecessary in order to avoid being required to pay for the treatment. *Topps Chewing Gum v. Workers' Comp. Appeal Bd. (Wickizer)*, 710 A.2d 1256 (Pa.Cmwlth.1998). Claimant relies solely on *Trafalgar House & St. Paul Fire & Marine Ins. v. Workers' Comp. Appeal Bd. (Green)*, 784 A.2d 232 (Pa.Cmwlth. 2001) for the proposition that, because his treatment after August 1993 was palliative in nature, it was reasonable and necessary.

In *Trafalgar House*, we reviewed the law in this area and concluded, "[M]edical treatment may be reasonable and necessary even if the treatment does not cure the underlying injury, *so long as it acts to relieve pain and treats the symptomatology*, i.e., if it is palliative in nature." *Id.* at 235 (emphasis added). As we noted, if the treatment is not expected to cure the underlying injuries, "The question that remains, therefore, is whether Claimant still suffers from pain and whether Provider's treatment is relieving that pain." *Id.*

In *Trafalgar House*, the claimant testified to the pain he was suffering and to the relief provided by the treatment in question. In addition, the provider testified the treatment he rendered provided the claimant relief from his pain. The WCJ found the treatment relieved the claimant's pain. Accordingly, this Court concluded the Employer failed to meet its burden to prove the palliative treatment provided was not reasonable and necessary.

In *Jackson v. Workers' Comp. Appeal Bd. (Boeing)*, 825 A.2d 766 (Pa.Cmwlth.

2003), this Court concluded a WCJ did not err in finding chiropractic treatment unreasonable and unnecessary. There, although the claimant's doctor testified the treatment he rendered reduced pain, swelling, and muscle spasms, the reviewer found the treatment unreasonable and unnecessary in part because the treatment, "although initially effective, is far less effective over time." *Id.* at 772. The WCJ accepted the opinion of the reviewer as more credible than that of claimant's doctor and concluded the treatment was unreasonable and unnecessary. We concluded such a credibility determination was binding on appeal.

In *Haynes v. Workers' Comp. Appeal Bd. (City of Chester)*, 833 A.2d 1186 (Pa. Cmwlth.2003), this Court considered whether a finding that physical therapy was unreasonable and unnecessary was error. We concluded it was not where, "the WCJ's finding that the physical therapy was unreasonable and unnecessary was based not on its palliative nature, but on his acceptance of the opinions ... that the program was repetitive, did not require skilled care, and was incomplete...." *Id.* at 1191.

In summary, the fact-finder was affirmed in *Trafalgar House, Jackson*, and *Haynes*. We reach the same result in this case.

Here, Claimant did not testify before the WCJ. Provider testified the treatment he rendered Claimant after August 1993 would "generally increase his range of motion and again have palliative measures to reduce his discomfort." Reproduced Record (R.R.) at 45a. However, Reviewer testified the treatments rendered by Provider, that far past the initial injury, were

---

1. Our review is limited to whether necessary findings are supported by substantial evidence, whether constitutional rights were violated, and whether an error of law was com- mitted. *Trafalgar House & St. Paul Fire & Marine Ins. v. Workers' Comp. Appeal Bd. (Green)*, 784 A.2d 232 (Pa.Cmwlth.2001).

of "little value." R.R. at 17a. The WCJ credited Reviewer's testimony over that of Provider, concluding the treatment rendered Claimant after August 1993 was not reasonable or necessary because it was not of much value.

Such a credibility determination is binding on appeal. Although Provider testified his treatments alleviated Claimant's pain, as in *Trafalgar House,* the WCJ here chose not to credit that testimony. Rather, the WCJ credited Reviewer's testimony the treatment was of little value. The Board did not err in affirming that determination.

 As to Claimant's second issue, that Reviewer's opinion violated § 127.471(a), we disagree. Section 127.471(a) states, with emphasis added, "[R]eviewers may not determine that the treatment under review is unreasonable or unnecessary *solely* on the basis that other courses of treatment exist." On remand, the Board stated, "[Reviewer's] opinion that the treatment is unreasonable and unnecessary is not based *solely* on the fact that other treatments are available. Rather, he also indicates that the treatments are not reasonable or necessary because the present treatments are *of little value,* regardless of the fact that other treatments are available." Bd. Op. at 4–5 (emphasis in original).

As we noted in *Howrie I,* interpretation of this portion of § 127.471(a) is a matter of first impression. We believe the Board's interpretation here to be correct. Reviewer testified Claimant may have needed some other type of care, but he did not base his opinion *solely* on the existence of potential other treatments. Rather, his conclusion that the treatment rendered was unreasonable and unnecessary was based on his opinion, credited by the WCJ, that the treatment rendered was of little value due to the time elapsed since the original injury. The Board did not err.

For the foregoing reasons, the decision of the Board is affirmed.

### *ORDER*

AND NOW, this 20th day of July, 2005, the order of the Workers' Compensation Appeal Board in the above-captioned matter is **AFFIRMED.**