DECISION
Defendant State of Rhode Island has requested this Court, pursuant to Superior Court Rule of Civil Procedure 60(b), to reconsider its decision of December 7, 2007, which denied the State's cross-motion for summary judgment. In that decision, this Court held that a genuine issue of material fact existed regarding whether the State's relationship to the Cliff Walk deemed it an "owner" pursuant to the Recreational Use Statute, G.L. 1956 § 32-6-2(3), thereby shielding it from liability for Plaintiff Simcha Berman's injuries.
 Defendant State of Rhode Island's Argument
The Defendant State of Rhode Island first argues that the decision of this Court, which denied its cross-motion for summary judgment, places both it and the Plaintiffs in a legal "Catch 22." The State contends that either it does not have control over the Cliff Walk and, therefore, no duty or liability exists; or, it has control over the Cliff Walk, making it an "owner" under the Recreational Use Statute, and thus entitling it to limited liability protections. See § 32-6-1(3). Either resolution would bar an award of damages against the State. The only true result, it argues, would be an emotional and expensive trial for all involved, or as the State phrases it, "an exercise in legal futility."
The State also contests this Court's reliance on Justice Goldberg's dissent in Cain v. *Page 2 Johnson, 755 A.2d 156 (R.I. 2000). The State notes that the Recreational Use Statute did not include the State or municipalities as potential "owner[s]" at the time of the plaintiff's decedent's death inCain, 755 A.2d at 164. Justice Goldberg, the State argues, recommended that summary judgment be denied as to the State because certain facts existed which indicated the State had some control over the Cliff Walk. Thus, the case should be remanded to determine if the State "is also an owner that bears some responsibility for its maintenance and repair."Id. at 172. Presently, because the Recreational Use Statute allows the State to be classified as an "owner," any additional facts which point to the State's control would only qualify it as an "owner" under the Recreational Use Statute.
Accordingly, the State argues, it cannot be held liable under either finding — whether it exercised enough control over the Cliff Walk to be considered an "owner," or not. Thus, according to the State, this Court's December 7, 2007 decision should be vacated pursuant to Rule 60(b).
 Plaintiffs' Argument
Plaintiffs ask this Court to deny the State's motion for reconsideration because a question of fact exists, as this Court originally found, as to whether the State can be deemed an "owner" under the Recreational Use Statute. The Plaintiffs additionally argue, that should the Court find that the State is not an "owner," it may still be held liable under a common-law negligence theory.
Specifically, the Plaintiffs note, under Mallette v. Children's FriendServs., 661 A.2d 67, 70 (R.I. 1995), the Rhode Island Supreme Court held that it has "long recognized that a person's actions, whether by word or deed, may create a duty of care running to the plaintiff where none existed previously." (Emphasis in original.) In addition, "[e]ven one who assumes to act *Page 3 
gratuitously, may become subject to the duty of acting carefully if he acts at all." Davis v. New England Pest Control Co., 576 A.2d 1240, 1242
(R.I. 1990). Finally, the Plaintiffs cite the Restatement (Second) of Torts § 324A to further buttress the cited case law.[1]
It is the State's involvement with the Cliff Walk, Plaintiffs argue, that may give rise to a duty of care between it and pedestrians on the Cliff Walk. Particularly, they note the installation of a fence along a portion of the Cliff following the death of plaintiff's decedent inCain v. Johnson, 755 A.2d 156 (R.I. 2000). Plaintiffs aver, however, that the State did not install a safety fence along the "entire area that it knew was the most dangerous." Presumably, this unfenced area was where Plaintiff Berman suffered his injuries. Thus, if the State's relationship with the Cliff Walk is not substantial enough for it to be deemed an "owner," the Plaintiffs submit that under a common-law tort theory the State voluntarily assumed a duty where none had previously existed.
 The Parties' Reply Memoranda
In its reply memorandum, the State devotes a substantial part of its argument to the contention that it should be considered an "owner" under the Recreational Use Statute. The State points to an Oregon Appeals Court case, Brewer v. Department of Fish and Wildlife, 2 P.3d 418,421-22 (Or.App. 2000), which held that, under the state's recreational use statute, the defendant *Page 4 
state agencies qualified as "owners" of a dam (where the plaintiffs were injured) because they "maintain[ed] and operat[ed] improvements" on the dam. Here, the State contends, the facts are similar — the State has operated improvements on the Cliff Walk — and so this Court should follow the rationale of the Oregon Appeals Court and find that the State is an "owner" under the Recreational Use Statute.
Secondly, the State addresses the Plaintiffs' argument that if it is not deemed an "owner," liability may nonetheless attach under a common-law negligence theory. The State submits that it did install a fence over a portion of the Cliff Walk, but that "there is no evidence that there was any defect in the fence." The State also argues that the installation of the fence was not a duty actually owed by the other Defendants (the City of Newport and the Preservation Society) to Plaintiffs, though performed by the State, or that Plaintiffs suffered harm because of their reliance on this fence. If anything, Plaintiff argues, the installation of the fence points only to the State's status as an "owner" under the Recreational Use Statute.
In the Plaintiffs' response memorandum, they argue against the State's contention that it is an "owner" under the Recreational Use Statute. Plaintiffs cite Kenison v. Dubois, 870 A.2d 1161 (N.H. 2005), which held that, because New Hampshire's recreational use statute was in derogation of the common law and must be strictly construed, to be considered an "owner," an entity must, "at least, have the ability or authority to give persons permission to enter or use land." Id. at 1165. Here, Plaintiffs suggest, because no evidence exists that the State has authority to grant persons permission to enter the Cliff Walk, the Court should not find that it is an "owner" under the Recreational Use Statute.
 Rule 60(b) Standard
Although "motions for reconsideration" are not explicitly mentioned in the Superior *Page 5 
Court Rules of Civil Procedure, this Court may treat a Rule 60(b) motion as such. Flanagan v. Blair, 882 A.2d 569, 573-74 (R.I. 2005). However, "administration of Rule 60 should accord with the basic policy that favors a hearing of a litigant's claims or defenses on the merits." Robert B. Kent et al., Rhode Island Civil and Appellate Procedure, § 60:1. Rule 60(b) provides six reasons by which a judgment may be vacated:
 (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
It is by way of subsection (6) that the State seeks relief from this Court's December 7, 2007 decision. Subsection (6), the Rhode Island Supreme Court has held, is reserved for "unique circumstances to prevent manifest injustice." Bailey v. Algonquin Gas Transmission Co.,788 A.2d 478, 482 (R.I. 2002) (quoting Vitale v. Elliot, 120 R.I. 328, 332,387 A.2d 1379, 1382 (1978)). It appears that the State's unique "Catch 22" argument warrants consideration under Rule 60(b)(6).
 Analysis
Prior to addressing the State's "Catch 22" argument, its additional argument, i.e., that it should be deemed an "owner" under the Recreational Use Statute (and that therefore its cross-motion for summary judgment should have been granted) should be addressed. Both parties cite other jurisdictions' case law supporting their arguments on this point, but neither provides any new evidence by way of affidavit or otherwise addressing the issue of material fact this Court originally found. See Palmisciano v. Burriville Racing Assoc., 603 A.2d 317, 320
(R.I. 1992) *Page 6 
(holding that a party is entitled to summary judgment when based on the "affidavits, depositions, pleadings and other documentary matter" there is no genuine issue of material fact). Therefore, as to these arguments, this Court's previous decision on the parties respective motions will not be disturbed.
In order for the State's motion to be granted on the grounds of its "Catch 22" argument, this Court must find as a matter of law that a judgment cannot be awarded in favor of Plaintiffs under any set of facts. A genuine issue of material fact exists, as this Court has already found, as to whether the State's relationship to the Cliff Walk qualifies it as an "owner" under the Recreational Use Statute. However, Plaintiffs contend that if the State is not found to be an "owner," it may have a relationship to the Cliff Walk less than that of an "owner" but more so than one with no relationship to the Cliff Walk. If this situation is found, Plaintiffs contend, the State created a duty of care toward Plaintiffs because of its involvement with the Cliff Walk, which included the installation of a safety fence.
The Rhode Island Supreme Court has long held that a cardinal element of tort law is that "[a] defendant cannot be liable under a negligence theory unless the defendant owes a duty to the plaintiff." Benaski v.Weinberg, 899 A.2d 499, 502 (R.I. 2006). "The determination of whether a duty exists in a particular case is a question of law for the trial justice." Id. However, this Court determines the existence of a duty on a "case-by-case basis" as "no clear-cut formula for creation of a duty exists that can be mechanically applied to each and every negligence case." Id.; Selwyn v. Ward, 879 A.2d 822, 887 (R.I. 2005). This "ad hoc approach" should "reflect considerations of public policy, as well as notions of fairness." Terry v. Cent. Auto Radiators, 732 A.2d 713,715-16 (R.I. 1999). In addition, the Rhode Island Supreme Court has added the following five factors as a guide, noting they are "not determinative in every case": *Page 7 
 (1) the foreseeability of harm to the plaintiff, (2) the degree of certainty that the plaintiff suffered an injury, (3) the closeness of connection between the defendant's conduct and the injury suffered, (4) the policy of preventing future harm, and (5) the extent of the burden to the defendant and the consequences to the community for imposing a duty to exercise care with resulting liability for breach.
Bucki v. Hawkins, 914 A.2d 491, 495-96 (R.I. 2007) (quoting Banks v.Bowen's Landing Corp., 522 A.2d 1222, 1225 (R.I. 1987)).
If, after applying the aforementioned standard, this Court determines that the State had no duty, then the Plaintiffs' claim must fail as a matter of law. See Selwyn, 879 A.2d at 886. However, if based on the evidence presented, this Court finds that a duty has been created, the case must continue so as to address the remaining factual questions: whether the State breached the duty of care, and, if so, whether the breach was the proximate cause of plaintiff's harm. See id.
Accordingly, as this Court previously decided, because there is a genuine issue of material fact as to whether the State is an "owner" of the Cliff Walk, summary judgment remains inappropriate. If the Court determines that the State is not an "owner," it must then determine as a matter of law, based on the facts presented, whether the State nevertheless had a duty of care to the Plaintiffs.
 Conclusion
Therefore, after thoroughly considering the State's motion for reconsideration and the attendant arguments, this Court ratifies its earlier decision and denies the State's motion to vacate and/or reverse that ruling.
[1] Restatement (Second) of Torts § 324A provides:
 One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
 (a) his failure to exercise reasonable care increases the risk of such harm, or
 (b) he has undertaken to perform a duty owed by the other to the third person, or
 (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.