Kevin MORAN, Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (McCarthy Flowers
and Donegal Mutual Insurance), Re-
spondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 6, 2013.
Decided Oct. 16, 2013.

Thomas E. Lucas, Scranton, for petition-
er.

Paul K. Paterson, Scranton, for respon-
dents McCarthy Flowers and Donegal Mu-
tual Insurance.

BEFORE: McGINLEY, Judge, and
BROBSON, Judge, and COVEY, Judge.

OPINION BY Judge McGINLEY.

Kevin Moran (Claimant) challenges the
order of the Workers' Compensation Ap-
peal Board (Board) which reversed the
Workers' Compensation Judge's (WCJ)
determination that the massage therapy
Claimant received from Gail Kozlowski,
LPN [1] (Nurse Kozlowski) was reasonable
and necessary.

Claimant sustained a work-related
low back injury in the nature of an L4–L5
disc herniation on July 19, 1997. On June
14, 2002, Claimant and McCarthy Flowers
(Employer) entered into a Compromise
and Release Agreement in which Claimant
settled his wage loss claim for a lump sum,
but his reasonable and necessary related
medical benefits continued.

On or about May 21, 2010, Employer
requested utilization review with regard to
the reasonableness and necessity of treat-
ment rendered to the Claimant by Nurse

1. "LPN" is an abbreviation for licensed prac-
tical nurse.

Kozlowski including massage therapy from May 11, 2010, forward.

On or about July 28, 2010, Heather Krull, LPN (Nurse Krull) of Rehabilitation Planning, Inc. issued a utilization review determination. Nurse Krull reviewed medical records and a personal statement from Claimant. She also telephoned Nurse Kozlowski. In her review of the case, Nurse Krull determined:

> In addressing the specific request of this utilization review, the issue of massage therapy specifically does not fall within the scope of a licensed practical nurse. Ms. Kozlowski's credentials do include a national certification in massage therapy; however, that particular aspect of her certification is not a license in massage therapy, not a license of review, and does not fall under the scope of practice of a licensed practical nurse. Therefore, any and all, to include, the treatment of massage therapy (understood as NMT, friction and myofascial release/compression, application of a topical pain reliever, China Gel) under the reviewable license of a licensed practical nurse (LPN) is not considered reasonable, 5–11–10, 4–20–10, 5–27–10 and ongoing as provided by Gail Kozlowski, LPN.

Utilization Review Determination, July 28, 2010, at 2–3; Reproduced Record (R.R.) at 4a–5a.

On or about August 4, 2000, Claimant petitioned for review of Nurse Krull's utilization review determination. Before the WCJ, the parties agreed that they would submit briefs on the legal issue of whether massage therapy was in the scope of practice of a licensed practical nurse.

Claimant submitted two reports from Nurse Kozlowski. Nurse Kozlowski stated that she treated Claimant with massage therapy for his low back pain and per-formed this service under the prescription, direction and recommendation of Michael D. Wolk, M.D. She also stated:

> The therapeutic treatment that I perform is within my scope of practice, as during the course of my nursing training, I learned basic massage strokes. I furthered my education in massage therapy at Allied Medical and Technical Careers, Scranton, PA, receiving my certification after completing over 900 hours of training and going on to become a teaching assistant in their massage therapy program. I have also received my National Certification in massage therapy by passing a competitive examination.... I am also a member of the National Association of Nurse Massage Therapists.

Report from Gail Kozlowski, September 16, 2010, at 1; R.R. at 13a.

In her second report she stated that she had been accepted by the Pennsylvania Bureau of Workers' Compensation as a licensed health care provider. She attached an email dated April 16, 2004, from Eileen K. Wunsch (Wunsch), Chief of Health Care Services Review of the Bureau of Workers' Compensation, which stated that a licensed practical nurse who performed massage therapy met the definition of a provider under the Workers' Compensation Act (Act).[2]

After the submission of briefs, the WCJ granted Claimant's petition for review of utilization review determination to the extent that Employer was continued to remain responsible for the payment for Claimant's massage therapy with Nurse Kozlowski from May 11, 2010, and ongoing. The WCJ made the following relevant finding of fact:

> 6. First and foremost, this Judge points out that in deciding as such above

---

2. Act of June 2, 1915, P.L. 736, *as amended,*   77 P.S. §§ 1–1041.4, 2501–2708.

the record substantiates that the claimant [Nurse Kozlowski] is in fact licensed by the Commonwealth of Pennsylvania as a practical nurse and Ms. Kozlowski, as a licensed practical nurse, a licensed health care professional, does meet the definition of a health care provider under the Workers' Compensation Act. . . . Having said that, the instant record also reveals, as per the October 11, 2010 report of Ms. Kozlowski, that the therapeutic treatment in the form of massage therapy that she provides to the claimant has been done under the orders of Dr. Michael D. Wolk of Northeastern Rehabilitation Associates.

Defendant [Employer] maintains that the issue at hand today has already been decided by the Commonwealth Court in *Boleratz v. WCAB (Airgas, Inc.)* 932 A.2d 1014 (PA Commonwealth Court [Pa.Cmwlth.]2007). Therein a review petition alleged that an employer failed to pay for treatment ordered by a treating physician and more specifically therein the claimant had received massage therapy. The employer therein was not able to obtain any determination concerning the reasonableness and necessity of that treatment from a utilization review organization, the matter that was referred was returned wherein it was noted that the utilization review only applies to health care providers which does not include massage therapists. However, while the issue within Boleratz dealt with a non-licensed health care provider who was providing massage therapy to the claimant, the case at bar involving Ms. Kozlowski and the claimant is however different inasmuch as Ms. Kozlowski is a licensed health care provider. . . .

Finally, this Judge is mindful that the within petition with respect to the reasonableness and necessity of any massage therapy provided to the claimant by Gail Kozlowski does not address the merits of Ms. Kozlowski's treatment. The same is obvious from the above analysis. The report issued herein by Ms. Krull only addresses the credentials of Ms. Kozlowski. That issue however has also been previously addressed by this Judge in a previous decision concerning Ms. Kozlowski's credentials and the massage therapy that she provided under the direction of a physician. Specifically, within a January 28, 2005 decision of this Judge it was found therein that given Ms. Kozlowski's therapy was being provided to the claimant under the direction of Dr. Gentilezza, the claimant's treatment within that decision provided by Gail Kozlowski in the nature of massage therapy was found to be reasonable and necessary. . . . Likewise, a subsequent decision of this Judge on October 29, 2010 again addressed the same issue. . . .

Hence, given the analysis set forth above as well as the two (2) previous holdings of this Judge entered in 2005 and 2010 with respect to massage therapy being provided by Gail Kozlowski under the direction of a physician, the within Petition for Review of Utilization Review Determination filed by claimant is granted to the extent that the defendant/employer and/or is [sic] insurance carrier continues to remain liable for payment of claimant's massage therapy with Gail Kozlowski from May 11, 2010 and ongoing within the provisions and limitations of the Act. The petition has been granted to the extent that the defendant/employer/insurance carrier only relies herein upon Ms. Krull's argument that Ms. Kozlowski cannot even provide the services for which the claimant seeks payment of with reference to his work related injury herein. Again, Ms. Krull has not addressed the merits of that treatment and the same will not be addressed herein either. . . .

WCJ's Decision, February 15, 2011, Finding of Fact No. 6 at 2–3; R.R. at 82a–83a.

Employer appealed to the Board. The Board reversed:

> The issue here is whether the WCJ erred in concluding that massage therapy services are reimbursable under the Act when performed by an LPN who holds a certification, but not a license, as a massage therapist.
>
> The WCJ distinguished the present case from *Boleratz v. WCAB (Airgas, Inc.)*, 932 A.2d 1014 (Pa.Cmwlth.2007), which held that the services of a massage therapist who was not licensed by the Commonwealth to provide health care services are not reimbursable under the Act.... Here, Provider [Nurse Kozlowski] is licensed in Pennsylvania to provide health care services as an LPN, and as such meets the Act's definition of a health care provider. However, in order for cost of the services rendered by Provider [Nurse Kozlowski] to be payable under Section 306(f) [of the Act, 77 P.S. § 531(1)], it must be a medical service which Provider [Nurse Kozlowski] is licensed as a practical nurse to provide according to a physician's orders.... There is nothing in the record to support Claimant's assertion that massage therapy is within the scope of her practice as an LPN; the sections of the Pennsylvania Code to which Claimant draws our attention reference 'therapeutic treatment' but do not define the term.
>
> Because Ms. Kozlowski was not licensed by the Commonwealth as a massage therapist at the time she was providing massage therapy to Claimant, her services are not reimbursable under the Act.... (Citations omitted).

Board Opinion, April 19, 2013, at 4–5; R.R. at 119a–120a.

■ Claimant contends that the Board erred when it applied *Boleratz v. Workers' Compensation Appeal Board (Airgas, Inc.)*, 932 A.2d 1014 (Pa.Cmwlth.2007), when the facts here are clearly distinguishable. In the alternative, Claimant also contends that the Board erred when it failed to remand the case to the WCJ for additional factual findings concerning whether therapeutic massage therapy performed by a licensed practical nurse is within the scope of her practice and duties as an LPN and for additional evidence on the qualifications of Nurse Kozlowski in light of the Massage Therapy Law[3] and its regulations which effectively allowed licensing in the field of massage therapy effective January 1, 2011.[4]

■ Where the employer questions the reasonableness or necessity of treatment, the employer bears the burden of proving that the challenged treatment is not reasonable or necessary. *Topps Chewing Gum v. Workers' Compensation Appeal Board (Wickizer)*, 710 A.2d 1256 (Pa. Cmwlth.1998). There is a rebuttable presumption that the treatment is reasonable and necessary. *Id.* This Court has determined that "[t]reatment may be reasonable and necessary even if it is designed to manage the claimant's symptoms rather than to cure or permanently improve the underlying condition." *Cruz v. Workers' Compensation Appeal Board (Philadelphia Club)*, 728 A.2d 413, 417 (Pa.Cmwlth. 1999).

---

**3.** Act of October 9, 2008, P.L. 1438, *as amended*, 63 P.S. §§ 627.1–627.50.

**4.** Our review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Cmwlth. 15, 589 A.2d 291 (1991).

The Board relied on *Boleratz* when it reversed the WCJ. In *Boleratz*, Blaine Boleratz (Boleratz) sustained a work-related injury. He received benefits pursuant to a notice of compensation payable which identified the injury as a low back strain. His benefits were subsequently suspended. Boleratz filed a review petition and alleged that Airgas, Inc. (Airgas), his employer, failed to pay for treatment ordered by his treating physician, Bernard Proy, M.D. (Dr. Proy). Dr. Proy wrote a prescription for Boleratz to receive a certain number of massage treatments from Marilyn Bell (Bell). Airgas stipulated at the hearing before the Workers' Compensation Judge that the treatment was causally related to Boleratz's work-related injury. Airgas asserted that it was not responsible for paying bills for Bell's services because she was not a health care provider as defined in the Act. Airgas was unable to obtain a utilization review of the reasonableness and necessity of Bell's treatment because the Utilization Review Organization returned the request and informed Airgas that utilization review applied only to health care providers which did not include massage therapists. *Boleratz*, 932 A.2d at 1015–1016.

The Workers' Compensation Judge concluded that while Bell was not a health care provider, Dr. Proy, who was a health care provider, prescribed the service so Airgas could seek utilization review of the prescription for massage therapy by listing Dr. Proy as the health care provider whose services were to be reviewed. *Boleratz*, 932 A.2d at 1016

Airgas appealed to the Board which reversed. The Board reasoned that medical services must be rendered by a duly licensed medical practitioner in order to be reimbursable under the Act. The Board also noted that Bell was not performing her services under the supervision of Dr. Proy. Boleratz petitioned for review with this Court. *Boleratz*, 932 A.2d at 1016–1017.

Before this Court, Boleratz argued that bills were payable if the treatment in question was provided pursuant to the referral of a health care provider. Airgas argued that Bell's treatment was not compensable because she did not qualify as a health care provider under the Act. *Boleratz*, 932 A.2d at 1017.

This Court affirmed:

[W]e now hold that the services of a massage therapist, who is not licensed or otherwise authorized by the Commonwealth to provide health care services, are not reimbursable under the Act, even if the services are prescribed by a health care provider. Because Ms. Bell is not licensed and was not supervised, Employer [Airgas] is not required to pay for her treatment. . . .

As to Claimant's [Boleratz] assertion that the intent of the Act is not to bar claimants from receiving treatment from individuals who are not health care providers, we point out that the plain language of the Act dictates the result in this case. Employers must pay for medical services and services rendered by physicians and health care providers, and pursuant to Section 109 of the Act, 77 P.S. § 29, an individual must be licensed or authorized by the Commonwealth to provide health care services in order to qualify as a health care provider. This does not demonstrate an intent to require employers to be liable for treatment rendered by unlicensed individuals. Should the Commonwealth begin authorizing state licensure of massage therapists, the outcome in future cases, such as this one, may be different. Until such time, employers are not re-

quired to pay for such treatment.... (Footnotes omitted).

*Boleratz,* 932 A.2d at 1019.

Here, the facts are distinguishable from *Boleratz.* In *Boleratz,* Bell was not a health care provider but was providing massage therapy at the direction of a doctor. This Court held that Bell's services were not reimbursable because she was not licensed as a health care provider under the Act even though the massage therapy was prescribed by a physician.

Here, in contrast, Nurse Kozlowski is a licensed practical nurse. A nurse is a health care provider under the Act. *See* Section 109 of the Act, 77 P.S. § 29. As in *Boleratz,* Nurse Kozlowski's services were prescribed by a physician, Michael D. Wolk, M.D. While Nurse Krull asserted in her report that massage therapy was not within the scope of an LPN's duties, she did not cite any statute, case law, or regulation to support her claim. On the other hand, Nurse Kozlowski asserted that she received training in massage therapy as part of her training as an LPN. Nurse Kozlowski stated that massage therapy was something she utilized in providing therapeutic care to patients and referenced the regulation regarding LPNs, 49 Pa. Code § 21.145(a)-(b)(1), which states:

(a) The LPN is prepared to function as a member of the health-care team by exercising sound nursing judgment based on preparation, knowledge, skills, understandings and past experiences in nursing situations. The LPN participates in the planning, implementation and evaluation of nursing care in settings where nursing takes place.

. . . .

(b) The LPN administers medication and carries out the therapeutic treatment ordered for the patient in accordance with the following:

(1) The LPN may accept a written order for medication and therapeutic treatment from a practitioner authorized by law and by facility policy to issue orders for medical and therapeutic measures.

As it is the Employer's burden to establish that it does not have to pay for services, this Court agrees with the WCJ that Employer failed to establish that massage therapy did not come under the duties of an LPN. Also, because Employer failed to address the merits of whether the treatment rendered by Nurse Kozlowski was reasonable and necessary, Employer does not prevail on that basis either.

Accordingly, this Court reverses.

### ORDER

AND NOW, this 16th day of October, 2013, the order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed.