**BEDFORD SOMERSET MHMR, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (TURNER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 4, 2012.

Decided June 6, 2012.

Ordered Published Sept. 5, 2012.

Ronald A. Varga, Jr., Sewickley, for petitioner.

Vincent A. Quatrini, Jr., Greensburg, for respondent Linda Turner.

BEFORE: LEADBETTER, Judge, and SIMPSON, Judge, and COVEY, Judge.

OPINION BY Judge SIMPSON.

Bedford Somerset MHMR (Employer) asks whether the Workers' Compensation Appeal Board (Board) erred in reversing a Workers' Compensation Judge's (WCJ) decision that denied Linda Turner's (Claimant) petition for review of a utilization review (UR) determination. The WCJ found Claimant's use of the narcotic pain medication Fentanyl, in lozenge form, was not reasonable and necessary because of its addictive nature and because it is not approved for use in connection with Claimant's condition. The Board reversed, concluding, in light of Claimant's credited testimony that she was unable to find a viable, alternative pain medication, Employer did not satisfy its burden of proving the Fentanyl lozenges were not reasonable and necessary. Upon review, we reverse the Board's order and reinstate the WCJ's decision.

Claimant sustained a work injury in December 1987 while working for Employer. She subsequently underwent two surgical procedures. Claimant suffers from "multiple work-related, pain producing, progressive medical conditions." WCJ Op., 10/29/10, Finding of Fact (F.F.) No. 16. Claimant's diagnoses include arachnoiditis, failed spinal fusion surgery, small fiber neuropathy, chronic pain syndrome, discitis, osteomyelitis and spinal stenosis, which are sources of severe pain.

In May 2009, Employer filed a UR petition requesting review of all treatment provided by Claimant's treating physician, Dr. Balkissoon Maharajh, M.D. (Claimant's Physician). The treatment consisted of a prescription for 125 micrograms of Fentanyl, a narcotic pain medication, every three days, prescribed as a topical formulation (patch), the use of 600 micrograms of Fentanyl in lozenge form four times daily for breakthrough pain and periodic office visits.[1]

Thereafter, a UR organization physician, Dr. Harold K. Gever (Reviewer), performed a UR. Reviewer determined that Claimant's periodic office visits to monitor her pain medication and her use of the Fentanyl patch were reasonable and necessary. However, Reviewer determined Claimant's use of Fentanyl in lozenge form was not reasonable and necessary because that medication is only approved for pain associated with cancer due to its highly addictive nature.[2] Claimant filed a petition for review of the UR determination. Hearings ensued before a WCJ.

Pertinent here, Claimant testified that during the last 20 years, she tried at least 12 different pain medications, which did not control her pain or she could not tolerate. Claimant previously tried several non-steroidal medications, but these medications caused severe burning in her stomach. Claimant further testified she suffers headaches, vomiting and gastrointestinal problems when taking Oxycontin, Oxycodone and MS Contin, and she is allergic to Morphine. Claimant testified she has taken her current medication regimen, which includes Fentanyl lozenges, for several years under her Physician's direction. The Fentanyl lozenges help alleviate the squeezing, crushing and burning feeling she experiences. Claimant testified the Fentanyl lozenges work quickly and re-

---

1. Additionally, in October 2008, Employer filed a suspension/modification petition on the ground that Claimant did not pursue two job referrals. The WCJ denied this petition, and Employer did not appeal. As such, the denial of Employer's suspension/modification petition is not at issue here.

2. Reviewer based this statement on the package insert for the medication. *See* Reproduced Record at 32a–33a.

duce her pain; she does not feel she could continue to live without the ability to control her breakthrough pain. The WCJ summarized Claimant's testimony regarding her use of the Fentanyl lozenges as follows:

> Fentora [(Fentanyl lozenges)] works because it does not cause adverse reactions or allergies. And, it works fast. [Claimant] rates her pain at a four or five if she is home and on the couch. But, it escalates rapidly to a ten ... and she takes a Fentora lozenge right away. Within five minutes her back is back under control. She would not be able to tolerate the pain without the Fentora. She describes it as a 'lifesaver'. She does not feel that she could continue to live without the ability to control the break thru [sic] pain which she gets from the Fentora. She attributes the increase in Fentora frequency to the increase in her pain levels, to the point where her pain exhausts her. She has tried to push herself to do without it, as often, but it makes it worse. She is terrified of the pain without Fentora. ...

F.F. No. 7.

Claimant also submitted the deposition testimony of her Physician, who is board-certified in internal medicine. Claimant's Physician treated Claimant for 15 years, helping to manage her chronic pain and mood disorders. Claimant's Physician testified Claimant uses a Fentanyl pain patch, a long-acting opioid-type medication, with the Fentanyl lozenges for breakthrough pain. He testified he closely monitors the pain medications his patients take, along with their side effects, and he confirmed Claimant does not abuse her medications. Claimant's Physician emphasized that if Claimant stopped taking either of her medications she could develop withdrawal symptoms, including seizures. He testi-

fied, if it were determined that either of Claimant's medications needed to be decreased, Claimant would require treatment at a pain clinic because of the withdrawal reaction. Claimant's Physician testified he could devise an alternative medication regimen in lieu of the Fentanyl lozenges with the help of a pain specialist.

Employer submitted the deposition testimony of Dr. Marc Adelsheimer (Employer's Physician), who is board-certified in physiatry and who examined Claimant in July 2007 and December 2008. Employer's Physician testified that as of his December 2008 examination, Claimant increased her pain medication to a 200 microgram Fentanyl patch and the use of Fentanyl lozenges every four hours. Employer's Physician pointed out Fentanyl lozenges are used as an immediate release narcotic medication and are approved for cancer and AIDS patients. Employer's Physician testified he does not use Fentanyl lozenges in his treatment of chronic pain patients. Employer's Physician opined that Claimant's use of the higher dosage medication to manage her breakthrough pain was excessive, and he recommended she use Oxycodone, Percocet or Opana IR. Employer's Physician opined the use of immediate-release narcotic medication, such as Fentanyl lozenges, is not indicated for Claimant's condition because patients taking those medications quickly build up a tolerance and, therefore, require increasingly higher doses. Employer's Physician testified Claimant's increasing use of the Fentanyl lozenges was consistent with this effect.

Ultimately, the WCJ adopted Employer's Physician's opinion that the Fentanyl lozenges were not reasonable and necessary because that medication is only approved for pain associated with cancer due to its highly addictive nature. The WCJ stated Employer's Physician based his

opinion on Claimant's medical history and her significant increase in use of the medication. Further, the WCJ found Claimant's Physician's testimony was consistent with the potential for amendment to Claimant's pain medication regimen. To that end, Claimant's Physician opined there are multiple medications that would also benefit Claimant, and an alternate plan of medication could be established. The WCJ also stated that Reviewer provided informed and substantial reasons for his UR determination regarding the Fentanyl lozenges. For these reasons, the WCJ determined Employer sustained its burden of proving Claimant's use of the Fentanyl lozenges was not reasonable and necessary. Claimant appealed to the Board.

The Board reversed, with one Commissioner noting a dissent. The Board stated:

Here, Claimant is arguing that [Employer] did not meet its burden of proving that the Fentanyl lozenges were not reasonable and necessary. While [Employer's Physician] and [Claimant's Physician] testified that other alternative pain medications were available to Claimant, that does not, in and of itself, render Claimant's current pain medication unreasonable or unnecessary. In fact, Claimant's credible testimony establishes that she has tried a number of other pain medications and has found that they either do not relieve her pain or that her body has an adverse reaction to them. We do not believe that [Employer] has put forth sufficient evidence to meet its burden of proving that the Fentanyl lozenges were not reasonable

and necessary, especially in light of Claimant's prior difficulties in finding a viable pain medication regimen.

Bd. Op., 9/22/11, at 4. Employer now appeals to this Court.[3]

■ On appeal,[4] Employer argues the Board erred in reversing the WCJ's decision. It contends substantial evidence supports the WCJ's determination that Claimant's medication was not reasonable or necessary. Employer asserts the WCJ based his opinion on both the UR determination and Employer's Physician's opinion. Employer maintains the WCJ specifically found Employer's Physician's opinion supported Reviewer's opinion that the Fentanyl lozenges are not reasonable and necessary based on their addictive nature. Employer contends the WCJ also determined that even Claimant's Physician testified that alternative treatments could be devised. It argues the WCJ made a credibility determination, and the Board erred in disturbing it.

Employer further contends the Board substituted its own credibility determinations based on information that is specifically contradicted in the record. Employer asserts that established precedent does not permit the Board to substitute its own credibility findings for that of the WCJ. Employer also argues the Board ignored the fact that the WCJ rendered an opinion based on Reviewer's UR determination.

Claimant responds that, in granting Employer's UR petition, the WCJ applied an incorrect legal standard, and the Board corrected this error on appeal. Claimant further argues the Board did not disturb

---

3. After its appeal, Employer requested a supersedeas during the pendency of its appeal to this Court. A single judge of this Court granted Employer's supersedeas request.

4. Our review is limited to determining whether the WCJ's findings of fact were supported

by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger)*, 38 A.3d 1037 (Pa.Cmwlth.2011).

the WCJ's credibility determinations. She asserts the WCJ disregarded the fact that both her Physician and Employer's Physician agreed that the use of Fentanyl lozenges was a reasonable and necessary component of the medication regimen to control her awful, chronic pain. Additionally, Claimant contends the WCJ disregarded case law, which holds that medication that is strictly palliative in nature can be reasonable and necessary.

Claimant further argues the WCJ erred in substituting his lay opinion that, because the medication is only approved by the FDA to treat cancer as a result of its highly addictive nature, it is not reasonable. Claimant asserts she has unsuccessfully gone through the gamut of pain medication, and she cannot take medication through her gastrointestinal system. She argues her Physician accounted for this fact when he prescribed the Fentanyl lozenges, which do not deliver medication through the gastrointestinal system. Claimant also notes her Physician testified she does not abuse her medications.

■ The WCJ's authority over questions of credibility, conflicting evidence and evidentiary weight is unquestioned. *Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating Inc.)*, 873 A.2d 25 (Pa. Cmwlth.2005). The WCJ, as fact-finder, may accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Id.* We are bound by the WCJ's credibility determinations. *Id.*

■ Moreover, "it is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the critical inquiry is whether there is evidence to support the findings actually made." *Id.* at 29 (citation omitted). We examine the entire record to see if it contains evidence a reasonable person might find sufficient to support the WCJ's findings. *Id.* If the record contains such evidence, the findings must be upheld, even though the record may contain conflicting evidence. *Id.* This Court cannot, nor will we, consider the existence of other testimony that might support findings different from those found by the WCJ. *Id.*

■ Where an employer disputes the reasonableness and necessity of a claimant's medical treatment, it can submit the bills for a UR pursuant to Section 306(f.1)(6) of the Workers' Compensation Act.[5] *CVA, Inc. v. Workers' Comp. Appeal Bd. (Riley)*, 29 A.3d 1224 (Pa.Cmwlth. 2011); *Hough v. Workers' Comp. Appeal Bd. (AC&T Cos.)*, 928 A.2d 1173 (Pa. Cmwlth.2007). The UR process is the sole method for determining if the disputed treatment is reasonable and necessary. *Riley.*

■ Also, the claimant bears no burden of proof in the UR process. *Id.* (citing *Topps Chewing Gum v. Workers' Comp. Appeal Bd. (Wickizer)*, 710 A.2d 1256 (Pa. Cmwlth.1998)). Rather, the employer bears the burden of proof throughout the entire UR proceeding to show the disputed treatment is not reasonable and necessary. *Id.*

■ In addition, "[t]he weight and credibility of the UR report, as with any other evidence, is for the fact-finder." *Sweigart v. Workers' Comp. Appeal Bd. (Burnham Corp.)*, 920 A.2d 962, 966 (Pa.Cmwlth.2007) (citations omitted).

■ Further, in determining the reasonableness and necessity of a prescribed medication, it is entirely appropriate for a UR reviewer to consider the risk to the patient. *Id.* In the other words, a UR reviewer may consider whether it is rea-

5. Act of June 2, 1915, P.L. 736, *as amended*,     77 P.S. § 531(6).

sonable and necessary for a provider to expose a patient to the level of risk presented by a medication. *Id.*

With regard to Claimant's use of the Fentanyl lozenges, the WCJ here determined (with emphasis added):

> *[Employer's Physician's] opinion with regard to [Reviewer's] determination that the Claimant's use of Fentanyl in lozenge form prospectively from February 25, 2009 is not reasonable or medically necessary as this medication is approved only for pain associated with cancer due to it's [sic] highly addictive nature is adopted for the following reasons:*
>
> In addition to the position of [Reviewer] that the medication is not FDA approved, *[Employer's Physician] also rendered his opinion based on the medical history and the significant increase in the use of medication.* He noted that . . . Claimant was taking more medication in December of 2008 than in December 2007 and then took significantly more medication in 2009 than she was in 2008. *This was consistent with the report of the [Reviewer] in that they both felt that it was not reasonable because of the addictive nature of the drug.*
>
> *The testimony of . . . [Claimant's Physician] . . . was consistent with the potential for . . . Claimant's medication being amended . . .* [Claimant's Physician] further indicated that *there are multiple medications that would also be of a benefit to . . . Claimant and that there could be an alternate plan of medication established. [Reviewer] provided informed and substantial reasons for his determination of the Fentanyl lozenges prospectively from the date of February 25, 2009.*
>
>      \* \* \* \*
>
> Employer has sustained its burden with respect to its [UR] request of May 6, 2009 to the extent that the [UR] determination should be affirmed relative to the discontinuance of Fentanyl lozenges prospectively from February 25, 2009. . . .

F.F. No. 20, Concl. of Law No. 1.

The record adequately supports the WCJ's findings. More specifically, the WCJ's determination that the Fentanyl lozenges were not reasonable and necessary is supported by Reviewer's UR determination, *see* Reproduced Record (R.R.) at 28a–34a, and Employer's Physician's opinions. R.R. at 90a–95a. Additionally, as the WCJ found, Claimant's Physician testified, if the WCJ determined Claimant's use of Fentanyl lozenges was not reasonable and necessary, he could devise a plan to wean Claimant off that medication, with the help of a pain specialist, and prescribe alternative medication. F.F. No. 20; R.R. at 187a–88a. The WCJ's decision to credit Employer's Physician's testimony, which confirmed Reviewer's determination that the use of Fentanyl lozenges was not reasonable and necessary because of their highly addictive nature, is binding on appeal. *See Howrie v. Workers' Comp. Appeal Bd. (CMC Equip. Rental)*, 879 A.2d 820 (Pa.Cmwlth.2005) (requiring deference to WCJ's credibility determinations where medical testimony is conflicting as to reasonableness and necessity of medical treatment).

Further, in light of the WCJ's supported findings, the Board erred in determining Employer did not present sufficient evidence to meet its burden of proving the Fentanyl lozenges were not reasonable and necessary. *See Sell v. Workers' Comp. Appeal Bd. (LNP Eng'g)*, 565 Pa. 114, 123, 771 A.2d 1246, 1251 (2001) ("The appellate role in worker's [sic] compensation cases is not to reweigh the evidence or review the credibility of witnesses; rather, the Board . . . must simply determine

whether, upon consideration of the evidence as a whole, the WCJ's findings have the requisite measure of support in the record.").

The Board also stated that the fact that both physicians testified that alternative pain medications were available to Claimant did not, in and of itself, render Claimant's current medication unreasonable or unnecessary. Contrary to this statement, the WCJ did not determine that Claimant's current medication was unreasonable and unnecessary solely because other treatment existed. Rather, the WCJ found Claimant's current medication unreasonable and unnecessary because it was not indicated in the treatment of Claimant's condition based on its highly addictive nature. F.F. No. 20.

To that end, our decision in *Sweigart* is instructive. There, the employer filed a UR request seeking review of the reasonableness and necessity of, among other things, "the [claimant's] chronic prescription of [the] opioid medication[,]" Maxidone. *Id.* at 964. The UR reviewer determined the medication was not reasonable and necessary because it "is no more effective in relieving low back pain than safer analgesics." *Id.* (footnote omitted). The WCJ accepted the UR reviewer's opinion that the claimant's Maxidone prescription was not reasonable and necessary. On the claimant's appeal, this Court affirmed. We observed the UR reviewer "found Maxidone unreasonable and unnecessary because it was an opioid and because other medications were safer." *Id.* at 965. We held it was entirely appropriate for the UR reviewer, in determining the reasonableness and necessity of the claimant's Maxi-

done prescription, to consider the risk that the medication posed to the claimant.

Similar to *Sweigart*, the WCJ here accepted Reviewer's determination that Fentanyl lozenges were not reasonable and necessary in the treatment of Claimant's condition because this medication is approved only for pain associated with cancer based on its highly addictive nature. The WCJ further explained Employer's Physician's testimony regarding Claimant's medical history and her significant increase in use of the Fentanyl lozenges confirmed Reviewer's determination. In *Sweigart*, we determined a UR reviewer (and, in turn, a WCJ) could consider the risk to the claimant when deciding the reasonableness and necessity of certain narcotic pain medication. Similarly, here, we discern no error in the WCJ's reliance on medical evidence as to the highly addictive nature of the medication in rendering his decision that the medication is not reasonable and necessary. Thus, as in *Sweigart*, we affirm the WCJ's decision to uphold Reviewer's determination that the pain medication is not reasonable and necessary.

Further, this result is not altered by Claimant's brief mention of cases that hold that medical treatment may be reasonable and necessary despite the fact that it: is only palliative in nature;[6] is designed to manage a claimant's symptoms rather than cure a claimant's condition;[7] or, provides pain relief but does not increase the claimant's physical capacity.[8]

More specifically, the WCJ here did not deem Claimant's use of the Fentanyl loz-

**6.** *Trafalgar House & St. Paul Fire & Marine Ins. v. Workers' Comp. Appeal Bd. (Green)*, 784 A.2d 232 (Pa.Cmwlth.2001).

**7.** *Cruz v. Workers' Comp. Appeal Bd. (Phila. Club)*, 728 A.2d 413 (Pa.Cmwlth.1999).

**8.** *Cent. Highway Oil Co. v. Workers' Comp. Appeal Bd. (Mahmod)*, 729 A.2d 106 (Pa. Cmwlth.1999).

enges unreasonable and unnecessary because they are only palliative in nature, or because they are only used to manage Claimant's symptoms, or because they provide pain relief without increasing Claimant's physical capacity. Rather, the WCJ determined the highly addictive nature of the Fentanyl lozenges as evidenced by Claimant's increased use of the medication rendered it unreasonable and unnecessary where an alternative treatment plan could be implemented.

Despite profound sympathy for Claimant's situation, we are constrained to reverse the Board's order and reinstate the WCJ's decision.

## ORDER

**AND NOW,** this 6th day of June, 2012, the order of the Workers' Compensation Appeal Board is **REVERSED.** The Workers' Compensation Judge's decision in Bureau Claim Number 2224880, dated October 29, 2010, is **REINSTATED.**