**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

YMCA of Wilkes-Barre and HM   :
Casualty Insurance Company,   :
           Petitioners   :
  :  No. 1072 C.D. 2017
      v.   :  Submitted: January 19, 2018
  :
Workers' Compensation Appeal   :
Board (Kempka),   :
           Respondent   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED**: March 5, 2018

The YMCA of Wilkes-Barre and HM Casualty Insurance Company (collectively, Employer) petition for review from an order of the Workers' Compensation Appeal Board (Board) that reversed the decision of a Workers' Compensation Judge (WCJ), thereby granting benefits. The WCJ denied a review petition filed by Anthony Kempka (Claimant) from a Utilization Review (UR) determination relating to acupuncture treatments and prescription medication. Upon review, we affirm the Board's order granting benefits.

**I. Background**

Claimant sustained a work injury in 2011, in the form of a C5-6 disc herniation with radiculopathy and insertional tendonitis. WCJ's Op., 7/1/16, Finding of Fact (F.F.) No. 2. Claimant's treating physician, Emmanuel Jacob, M.D. (Claimant's Physician), who is board certified in physical medicine and

rehabilitation and is a licensed acupuncturist, provided ongoing medical treatment, including acupuncture and a prescription muscle relaxer, Flexeril. F.F. Nos. 3, 9.

In 2015, Employer requested a UR of treatment provided by Claimant's Physician. Tony Ton-That, M.D. (UR Physician), who is board-certified in physical medicine and rehabilitation and is a physician acupuncturist, issued the UR Determination. Certified Record (C.R.), Item #17. UR Physician determined Flexeril was no longer reasonable or necessary in the event Claimant was not receiving ongoing documented benefit from it. F.F. No. 3. Thus, UR Physician's determination left open the issue of whether Claimant was receiving ongoing benefit from Flexeril. However, Claimant stopped taking Flexeril because of side effects that made him "dopey or spacey." F.F. No. 7. Therefore, ongoing treatment with Flexeril is not at issue before this Court.

UR Physician further determined that ongoing acupuncture treatment was not reasonable or necessary because it was not providing Claimant with significant, long-lasting pain relief. F.F. No. 3. Claimant petitioned for review of that aspect of the UR Determination.

On review, Claimant testified live before the WCJ. Claimant stated that his weekly acupuncture treatments helped with his pain for a day or two, after which the pain slowly returned. F.F. No. 7. Claimant testified that, although it did not eliminate all his pain, the acupuncture treatment helped keep his overall level of pain at bay. WCJ's Hr'g, Notes of Testimony (N.T.), 12/22/15, at 11-15.

2

Claimant's Physician, who testified by deposition, stated that the acupuncture treatments consistently reduced Claimant's pain, with relief lasting two to three days. F.F. No. 9. Claimant's Physician also explained that Claimant was taking opioid pain medications before he began treating with Claimant's Physician, but with the acupuncture treatments, Claimant was able to avoid taking opioids. Id.

Employer presented deposition testimony from Robert Mauthe, M.D. (Employer's Physician), who is board-certified in physical medicine and rehabilitation. F.F. No. 8. Employer's Physician opined that continued acupuncture treatments were not reasonable and necessary because they did not improve Claimant's condition and only provided relief for a day or two. Id.

The WCJ did not reject the testimony of any witness as not credible. However, he found UR Physician and Employer's Physician "most persuasive." F.F. No. 10. He concluded that continued acupuncture treatment was not reasonable and necessary because it was not improving Claimant's condition and the pain relief lasted only a day or two at a time. Id.

Claimant appealed to the Board, which reversed the WCJ's decision. The Board observed that palliative treatment may be reasonable and necessary, even if it does not cure the underlying injury, as long as it alleviates pain and treats symptoms. Bd. Op., 7/7/17, at 2-3 (citing Trafalgar House v. Workers' Comp. Appeal Bd. (Green), 784 A.2d 232 (Pa. Cmwlth. 2001), appeal denied, 800 A.2d 935 (Pa. 2002); Cruz v. Workers' Comp. Appeal Bd. (Phila. Club), 728 A.2d 413 (Pa. Cmwlth. 1999)). The Board did not disturb the WCJ's findings on credibility or

3

persuasiveness. Bd. Op. at 5-6. However, the Board determined the WCJ failed to consider Claimant's testimony regarding his pain relief, in that the acupuncture provided a day or two of pain relief and helped keep the overall level of pain at bay. Id. at 6. Citing Cruz, the Board concluded acupuncture was reasonable and necessary, even though it was aimed at managing Claimant's pain symptoms rather than improving or curing his condition. Id. at 6-7.

Employer then filed a timely petition for review to this Court.

## II. Issues

On appeal,[1] Employer argues the Board improperly reweighed the evidence and the WCJ's credibility determinations. Employer also contends the Board exceeded the scope of Claimant's appeal, in that the only issue Claimant preserved was whether the WCJ failed to issue a reasoned decision. Employer asserts the Board should have found the WCJ issued a reasoned decision, and it should have affirmed the WCJ on that basis.

## III. Discussion

### A. Claimant's Preservation of Issues

As a preliminary matter, we observe that Claimant raised all his appellate issues in his notice of appeal to the Board. C.R., Item #5. However, Employer asserts Claimant failed to brief before the Board any issue other than

---

[1] Our review of the Board's decision is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger), 38 A.3d 1037 (Pa. Cmwlth. 2011).

4

whether the WCJ issued a reasoned decision.  Therefore, Employer contends Claimant failed to preserve any other issues for review by this Court.  We must reject this argument.  The parties' briefs before the Board are not part of the certified record in this appeal.  Accordingly, we will not consider Employer's waiver argument.

## B. Reasonableness and Necessity of Acupuncture Treatments

An employer who disputes the reasonableness and necessity of a claimant's medical treatment may submit the bills for a UR pursuant to Section 306(f.1)(6) of the Workers' Compensation Act.[2]  Bedford Somerset MHMR v. Workers' Comp. Appeal Bd. (Turner), 51 A.3d 267 (Pa. Cmwlth. 2012).  The claimant bears no burden of proof in the UR process.  Id.  Rather, the employer bears a never-shifting burden throughout the entire UR proceeding to show the disputed treatment is not reasonable and necessary.  Id.

Under Pennsylvania law, treatment may be reasonable and necessary even if it is purely aimed at pain management and does not cure or permanently improve the claimant's underlying condition.  Trafalgar.  Thus, a WCJ may not determine treatment to be unreasonable and unnecessary solely because the treatment is palliative in nature.  Id.

Trafalgar and similar legal precedents support the reasonableness and necessity of treatments providing pain management benefits like those at issue here.  In Trafalgar, this Court held that palliative treatments were reasonable and necessary under Pennsylvania law, even though the relief lasted only a couple of days after

---

² Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §531(6).

each treatment. In <u>Glick v. Workers' Compensation Appeal Board (Concord Beverage Co.)</u>, 750 A.2d 919 (Pa. Cmwlth. 2000), this Court held a UR reviewer's determination that pain relief was not lasting could not overcome the provider's testimony that the treatment was necessary to alleviate the claimant's pain symptoms. In <u>Pennsylvania Turnpike Commission v. Workers' Compensation Appeal Board (Collins)</u>, 709 A.2d 460 (Pa. Cmwlth. 1998), this Court concluded non-acupuncture dry-needle treatment was reasonable and necessary where it reduced the claimant's pain and improved function. In <u>Philadelphia Newspapers, Inc. v. Workers' Compensation Appeal Board (Badame)</u> (Pa. Cmwlth., No. 2273 C.D. 2007, filed July 10, 2008), 2008 Pa. Commw. Unpub. LEXIS 330 (unreported), this Court affirmed the Board's determination that palliative treatment was reasonable and necessary where the claimant credibly testified it gave him a little pain relief.[3]

Significantly, the temporary pain treatments at issue in these decisions were reasonable and necessary even without any additional benefits, such as allowing the claimants to avoid or cease using prescription narcotics. Here, Claimant's Physician offered undisputed testimony that Claimant took opioid pain medications before he began treating with Claimant's Physician, and that the pain relief provided by the acupuncture treatments allowed Claimant to avoid continuing to take opioids.

---

[3] We cite <u>Philadelphia Newspapers, Inc. v. Workers' Compensation Appeal Board (Badame)</u> (Pa. Cmwlth., No. 2273 C.D. 2007, filed July 10, 2008), 2008 Pa. Commw. Unpub. LEXIS 330 (unreported) as persuasive authority. <u>See</u> 210 Pa. Code §69.414(a).

This Court previously observed that opioids pose a greater risk than other treatments, and consideration of that risk is appropriate in assessing whether a pain treatment at issue is reasonable and necessary. Bedford Somerset MHMR. Further, in Samuels v. Workers' Compensation Appeal Board (PeopleShare) (Pa. Cmwlth., No. 848 C.D. 2014, filed January 6, 2015), 2015 Pa. Commw. Unpub. LEXIS 20 (unreported), appeal denied, 117 A.3d 1282 (Pa. 2015), this Court implied that a temporary reduction in pain would justify ongoing treatment, and reduction in use of opiates would justify ongoing use of an alternate treatment.

Moreover, the decisions cited by Employer are distinguishable. In Jackson v. Workers' Compensation Appeal Board (Boeing), 825 A.2d 766 (Pa. Cmwlth. 2003), the UR reviewer determined continued chiropractic care was not reasonable or necessary because it was a disservice rather than a service for a soft tissue injury such as the claimant suffered, and because a home exercise program would be more beneficial. Here, there was no evidence of either circumstance.

In Howrie v. Workers' Compensation Appeal Board (CMC Equipment Rental), 879 A.2d 820 (Pa Cmwlth. 2005), the treatment at issue was not reasonable and necessary because the WCJ found the claimant not credible in testifying that the treatment provided pain relief. Here, by contrast, there was no dispute that the acupuncture treatments reduced Claimant's pain for at least one to two days each week, and helped keep his overall level of pain at bay.

Contrary to Employer's argument, the Board did not reweigh the facts in reversing the WCJ. Rather, the Board applied the appropriate legal standard to

7

the undisputed facts. Based on those facts, the Board correctly determined that applicable law supports the reasonableness and necessity of the acupuncture treatments at issue. Accordingly, this Court concludes the Board properly reversed the WCJ's decision.

## IV. Conclusion

Based on the foregoing discussion, this Court affirms the order of the Board granting benefits.

ROBERT SIMPSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

YMCA of Wilkes-Barre and HM     :
Casualty Insurance Company,        :
                      Petitioners     :
                              :    No. 1072 C.D. 2017
        v.                  :
                              :
Workers' Compensation Appeal    :
Board (Kempka),                :
                     Respondent    :

# **O R D E R**

**AND NOW**, this 5th day of March, 2018, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge