Joseph CUCCHI, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (ROBERT CUCCHI PAINTING, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 30, 2014.

Decided July 17, 2014.

Mark R. Schmidt, Media, for petitioner.

Lisa A. Miller, Exton, for respondent Robert Cucchi Painting, Inc.

BEFORE: BERNARD L. McGINLEY, Judge, and PATRICIA A. McCULLOUGH, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Joseph Cucchi (Claimant) petitions for review of the January 8, 2014, order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to deny Claimant's petition for review of a utilization review determination (UR Petition). We vacate the WCAB's order and remand for further proceedings.

Claimant was injured on July 12, 2005, while working for Robert Cucchi Painting, Inc. (Employer). A notice of compensation payable listed Claimant's injuries as lumbar, thoracic, and rib fractures, lung pneumothorax, and liver lacerations. The parties resolved Claimant's entitlement to indemnity benefits by way of a compromise and release agreement.

█ On April 11, 2011, Employer requested a utilization review (UR) of the medical treatment provided by Claimant's physical therapist, Richard Battaglini, from March 23, 2011, onward. On June 22, 2011, the UR reviewer, physical therapist Jay D. Kauffman, determined that Battaglini's treatment from March 23, 2011, onward was unreasonable and unnecessary.[1] On July 6, 2011, Claimant filed his UR Petition with the WCJ.

In his UR report, Kauffman noted that Claimant's treating physician referred Claimant to Battaglini for physical therapy in January 2011. Battaglini initially evaluated Claimant on February 17, 2011. Thereafter, on February 22, 2011, February 24, 2011, March 1, 2011, and March 8, 2011, Claimant received treatments in the form of moist heat, electrical stimulation, therapeutic exercises, and soft-tissue mobilization. Claimant received four additional treatments between March 23, 2011, and April 13, 2011. (WCJ's Findings of Fact, No. 5.)

---

1. "[A]n employer seeking to avoid payment for medical services in a UR proceeding has a never-shifting burden to prove that the treatments in question are unnecessary or are un-reasonable." *Cruz v. Workers' Compensation Appeal Board (Philadelphia Club),* 728 A.2d 413, 417 (Pa.Cmwlth.1999).

Kauffman spoke with Battaglini on June 13, 2011, about Claimant's treatment. Kauffman also reviewed Claimant's employee statement, in which he indicated that physical therapy helped alleviate his pain. Claimant also stated his belief that, without physical therapy, he would have no pain relief. Kauffman noted, however, that the medical records did not show that Claimant had made any objective or functional progress while under Battaglini's care. Kauffman also questioned why Claimant was undergoing physical therapy six years after the onset of his symptoms, noting that the records did not explain why. According to Kauffman, medical literature states that a patient with Claimant's diagnosis should achieve expected outcomes within eight to twenty-four visits over the course of one to six months. Therefore, Kauffman concluded that there was insufficient documentation to justify Battaglini's treatment from March 23, 2011, onward. (*Id.*)

The WCJ appointed physical therapist Maureen G. O'Leary to conduct an independent UR. At her deposition, O'Leary testified that she evaluated Claimant on October 20, 2011, when Claimant was 73 years old. O'Leary indicated that after Claimant's work injury, he had back surgery during which rods and screws were inserted to stabilize his fractures. Claimant received physical therapy at home for one year and continues to receive outpatient physical therapy. (*Id.*, No. 6.)

During O'Leary's examination, Claimant reported a pain level of three out of ten, noting that the pain varied in intensity depending on his position, his activity level, and the weather. As of that date, Claimant had not yet reached maximum functional improvement. O'Leary noted that, with targeted physical therapy, Claimant can potentially improve in the areas of gait, dynamic balance, and steadiness. O'Leary determined, however, that Battaglini's present course of treatment—including moist heat, cold packs, electrical stimulation, therapeutic exercises, and soft-tissue mobilization—did not target any residual physical or functional impairment. Moreover, Battaglini did not document any objective progress in Claimant's functional status as a result of the treatment. Therefore, O'Leary opined that Battaglini's treatment from March 23, 2011, onward was unreasonable and unnecessary. (*Id.*)

Claimant's treating physician, William C. Murphy, D.O., who prescribed the physical therapy at issue, prepared reports on October 27, 2011, and January 25, 2012. Dr. Murphy noted that structured physical therapy reduces Claimant's pain and increases his ability to perform daily living activities. Dr. Murphy opined that Claimant is progressing with the current course of treatment. (*Id.*, No. 7.) [2]

Claimant testified by deposition on October 13, 2011. Claimant explained that he ceased physical therapy because he did not want to incur additional bills. Claimant testified that physical therapy helped reduce his pain and enabled him to perform more daily living activities. Claimant further testified that if continued treatment is approved, he will return to Dr. Murphy's office [3] for additional physical therapy. (*Id.*, No. 8.)

---

2. Specifically, Dr. Murphy stated:
   [Claimant] does have relief of symptoms with physical therapy, and in my opinion he requires this therapy to help reduce his ongoing pain symptoms and to help improve his function and maintain his activities of daily living; therapy does so, and when he does not have therapy he regresses in terms of function and has an increase in his pain level.
   (Murphy Report, 10/27/11, at 1.)

3. Battaglini administered the physical therapy in Dr. Murphy's medical office. (Claimant Dep., 10/13/11, at 5–6.)

■ The WCJ credited the opinions of Kauffman and O'Leary and concluded that, after March 23, 2011, Battaglini's physical therapy treatment was neither reasonable nor necessary as it related to Claimant's July 12, 2005, work injury. (*Id.*, Nos. 10–11; WCJ's Conclusions of Law, No. 2.) The WCJ discredited Dr. Murphy's opinions as "not convincing." (WCJ's Findings of Fact, No. 10.) Therefore, the WCJ denied Claimant's UR Petition. Claimant appealed to the WCAB, which affirmed. Claimant now petitions for review of that decision.[4]

■ Claimant asserts that the WCJ failed to issue a reasoned decision because he failed to adequately explain the reasons for his credibility determinations. We agree.

■ Section 422(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834, provides in relevant part:

> All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The [WCJ] shall specify the evidence upon which the [WCJ] relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the [WCJ] must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the [WCJ] must identify that

evidence and explain adequately the reasons for its rejection.

In *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 574 Pa. 61, 828 A.2d 1043, 1053 (2003), the Pennsylvania Supreme Court explained that section 422(a) of the Act requires "some articulation of the actual objective basis for the [WCJ's] credibility determination ... for the decision to be a 'reasoned' one [that] facilitates effective appellate review." While the WCJ is the sole arbiter of credibility and evidentiary weight, he or she must provide an adequate basis for rejecting or accepting a witness's testimony when the witness does not testify live before the WCJ. *See id.* at 1052–53. Objective factors that may support a WCJ's credibility determination include whether the expert's opinion is based on erroneous factual assumptions; whether the expert had less interaction with the claimant; whether the expert has a bias or interest in the matter; and whether the expert is more or less qualified than the opposing party's expert. *Id.* at 1053.

Here, the WCJ failed to articulate any objective bases for deeming the opinions of Kauffman and O'Leary more credible and persuasive than those of Dr. Murphy. The WCJ stated that he credited the opinions of Kauffman and O'Leary because they "thoroughly reviewed medical records, diagnostic tests and considered the statements made by Claimant and [Battaglini]." (WCJ's Findings of Fact, No. 9.) The WCJ also noted that O'Leary based her opinion, in part, on her clinical observations of Claimant. (*Id.*) With regard to Claimant's treating physician, however, the WCJ simply stated that Dr. Murphy's opinions were "not convincing," with abso-

---

4. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary fac-

tual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

lutely no explanation as to why. (*Id.,* No. 10.) The WCJ's lack of elucidation is especially problematic because Dr. Murphy's clinical observations of Claimant's response to treatment conflicted with O'Leary's observations, and the WCJ did not state why O'Leary's were more convincing. The WCJ also failed to make any credibility findings with respect to Claimant's testimony about his positive response to treatment.

Furthermore, Dr. Murphy reported that the goals of Claimant's physical therapy are pain management and increased range of motion and that Claimant was progressing on both fronts. (Murphy Report, 10/27/11, at 1; Murphy Report, 1/25/12, at 2.) Even Kauffman noted that "[p]hysical therapy is an established treatment protocol given [Claimant's] diagnosis." (Kauffman Report, 6/14/11, at 3.) Yet both Kauffman and O'Leary determined that Battaglini's treatment was unreasonable and unnecessary because there was no evidence that Claimant had objectively or functionally improved. (WCJ's Findings of Fact, Nos. 5–6.) As Claimant correctly points out, however, functional improvement is not required for palliative medical treatment to be deemed reasonable and necessary.[5] Critically, the WCJ failed to make any findings of fact or conclusions of law on this issue.

Accordingly, because we conclude that the WCJ failed to issue a reasoned decision under section 422(a) of the Act, we vacate the WCAB's order and remand this matter to the WCAB with instructions to remand the matter to the WCJ. On remand, the WCJ shall: (1) explain in detail the bases for his prior credibility findings regarding Kauffman, O'Leary, and Dr. Murphy; (2) make credibility findings regarding Claimant's testimony; and (3) address the issue of whether the physical therapy provided by Battaglini is reasonable and necessary as palliative treatment.

## ORDER

AND NOW, this *17th* day of *July,* 2014, we hereby vacate the January 8, 2014, order of the Workers' Compensation Appeal Board (WCAB) and remand this matter to the WCAB with instructions to remand the matter to the workers' compensation judge (WCJ). On remand, the WCJ shall: (1) explain in detail the bases for his prior credibility findings regarding Jay D. Kauffman, Maureen G. O'Leary, and William C. Murphy, D.O.; (2) make credibility findings regarding Joseph Cucchi's testimony; and (3) address the issue of whether the physical therapy provided by Richard Battaglini is reasonable and necessary as palliative treatment.

Jurisdiction relinquished.

---

5. *See, e.g., Trafalgar House v. Workers' Compensation Appeal Board (Green),* 784 A.2d 232, 235 (Pa.Cmwlth.2001) (holding "that the WCJ erred by finding [the claimant's physical therapy] treatment unreasonable and unnecessary based solely on the fact that this treatment was only palliative"); *Central Highway Oil Company v. Workers' Compensation Appeal Board (Mahmod),* 729 A.2d 106, 108 (Pa. Cmwlth.1999) ("We know of no authority for the proposition that treatment for pain relief must result in physical improvement in order to be deemed reasonable or necessary...."); *Cruz,* 728 A.2d at 417 ("[T]reatment may be reasonable and necessary even if it is designed to manage the claimant's symptoms rather than to cure or permanently improve the underlying condition.").