# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Sigda, : 
             Petitioner : 
              : 
     v. : No. 1913 C.D. 2015
              : Submitted: February 12, 2016
Workers' Compensation Appeal : 
Board (Buono Bakery), : 
             Respondent : 

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED:  April 8, 2016**

Petitioner Thomas Sigda (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board). The Board affirmed a workers' compensation judge's (WCJ) decision denying Claimant's petition for review of a utilization review (UR) determination. For the reasons discussed below, we affirm.

Claimant was employed by Buono Brothers Bakery (Employer) as a driver/salesperson when he suffered a work-related injury to his right knee on July 6, 2010, for which he receives workers' compensation benefits. (Reproduced Record (R.R.) 41; WCJ Finding of Fact (F.F.) Nos. 1 & 2.) On March 26, 2014, Employer filed a UR request for review of treatment provided by Edward R. Stankiewicz, M.D. (Provider), to Claimant from February 18, 2014, and ongoing, including office visits, all medications, including Compazine, Librium, and

Percocet, and any other treatment. (R.R. 49; Bd. Op. at 1.) On April 14, 2014, the Pennsylvania Department of Labor and Industry, Bureau of Workers' Compensation (Bureau), returned the UR request as incomplete. (R.R. 49; Bd. Op. at 1.) Employer did not file an amended request. (R.R. 49; Bd. Op. at 1.) On June 9, 2014, Employer filed a new prospective UR request, again seeking review of all treatment rendered by Provider to Claimant, including office visits, all medications, including Compazine, Librium, and Percocet, and any other treatment. (R.R. 41; WCJ F.F. No. 3.) On June 17, 2014, the Bureau returned the UR request because the insurer claim number was missing and informed Employer that the original filing date would be preserved if a corrected version of the UR request was submitted within 14 days. (R.R. 41; WCJ F.F. No. 3.) Employer filed a corrected UR request on June 27, 2014, and the UR request was assigned to a utilization review organization (URO), Quality Assurance Reviews, Inc., on July 11, 2014. (R.R. 41; WCJ F.F. No. 4.)

On August 25, 2014, the URO, through its reviewer, Gregory Gordon, M.D., MPH (Reviewer), issued a UR determination, concluding that Provider's medical treatment was unnecessary and unreasonable in part. (R.R. 41; WCJ F.F. No. 5.) Reviewer reviewed medical records for Claimant submitted by three physicians, Claimant's statement, and spoke with Provider. (R.R. 32.) Reviewer noted that when Claimant first began seeing Provider, he was prescribed Percocet, Compazine, and Librium. (R.R. 32.) Provider increased the dosage of Percocet prescribed to Claimant in order to better manage Claimant's pain. (R.R. 32.) Per Reviewer's conversation with Provider, Provider is no longer prescribing Compazine and Librium to Claimant. (R.R. 33.) At this time, Provider prescribes only Percocet to Claimant. (R.R. 33.) Reviewer noted that Claimant's statement

2

claimed his current treatment helped with his pain management. (R.R. 33.) Reviewer noted that Percocet is an appropriate pain management medication, especially for Claimant, who cannot take non-steroidal anti-inflammatory (NSAID) medications. (R.R. 33). Reviewer also noted that Claimant is not currently being prescribed Compazine, which is used primarily for treating psychotic disorders, or Librium, which is primarily used to treat anxiety and alcohol withdrawal. (R.R. 34.) Reviewer stated that Claimant has not been diagnosed with a psychotic disorder, anxiety, or alcohol withdrawal as part of his workers' compensation injury. (R.R. 34.) Thus, Reviewer determined that monthly office visits and the prescription for Percocet were reasonable and necessary, but that the prescriptions for Compazine and Librium were unnecessary and unreasonable, prospective from June 26, 2014. (R.R. 34.)

On September 3, 2014, Claimant filed a UR petition, seeking review of the URO's determination that certain treatment was unreasonable or unnecessary. (R.R. 49; Bd. Op. at 1.) The WCJ determined that Employer "met its burden of proof necessary to establish that the medications Compazine and Librium are not reasonable or necessary treatment from June 26, 2014 into the future as it applies to the Claimant's employment injury of July 6, 2010." (R.R. 42.) Claimant appealed that decision to the Board, which affirmed the WCJ. (R.R. 49-53.)

On appeal,[1] Claimant argues that: (1) the WCJ improperly shifted the burden of proof to Claimant; (2) Reviewer used an improper standard of review;

---

[1] "This Court's review of an order of the Board affirming a WCJ's decision denying a petition to review a UR determination is limited to considering whether necessary factual findings are supported by substantial evidence, and whether an error of law or violation o[f] **(Footnote continued on next page…)**

3

(3) the UR request and UR determination were untimely; (4) the WCJ's credibility determination was not reasoned; and (5) Employer presented an unreasonable contest.

Claimant first argues that the WCJ improperly shifted the burden of proof to Claimant, as evidenced by the WCJ's statement at the beginning of his decision that "[t]he instant petition requests that any and all treatment to include but not limited to office visits and medications including Compazine, Librium and Percocet, be considered reasonable and necessary as it applies to the Claimant's employment injury," and in Finding of Fact No. 7:

> The Claimant does not offer any medical evidence in opposition to this utilization review determination but argues that it is entirely unknown from the evidence whether these medications may be considered for use at some time in the future and that the Claimant's provider would be constrained from prescribing their use in the future.

(R.R. 41-42.)  Claimant argues that the "combination of these two erroneous statements by the [WCJ] reveals a subtle[] and erroneous shifting of the burden of proof." (Claimant's Br. at 6.)  Claimant is correct in asserting that Employer bears the burden throughout the UR process to prove that Provider's treatment is not reasonable or necessary.  *Topps Chewing Gum v. Workers' Comp. Appeal Bd. (Wickizer)*, 710 A.2d 1256, 1261 (Pa. Cmwlth. 1998).  We disagree, however, with his argument that the WCJ improperly shifted the burden of proof.  Conclusion of

---

**(continued…)**

constitutional rights occurred." *Womack v. Workers' Comp. Appeal Bd. (Sch. Dist. of Philadelphia)*, 83 A.3d 1139, 1141 n.3 (Pa. Cmwlth.) (citing 2 Pa. C.S. § 704), *appeal denied*, 94 A.3d 1011 (Pa. 2014).

Law number 2 demonstrates that the WCJ correctly applied the burden of proof: "[Employer] has met its burden of proof necessary to establish that the medications Compazine and Librium are not reasonable or necessary treatment from June 26, 2014 into the future as it applies to the Claimant's employment injury of July 6, 2010." (R.R. 42.) The WCJ's statement at the outset of his decision is simply a reflection of the procedural posture of the case: the UR determination found some of Provider's treatments unreasonable and unnecessary, and Claimant would like that determination reversed. Furthermore, Finding of Fact number 7 is not a shift of the burden of proof but is, instead, the WCJ's summation of Claimant's proffered evidence and position. Claimant was aware of Reviewer's position and had the opportunity before the WCJ to offer evidence to rebut this position, but he chose not to do so. We do not view the WCJ's recitation of this fact as an improper shifting of the burden.

Second, Claimant argues that Reviewer used an improper standard of review because "the only treatment deemed unreasonable/unnecessary is treatment that was never provided," and that Reviewer was, therefore, obligated to determine the request was moot. (Claimant's Br. at 8.) First, we note that Claimant's characterization of his treatment history is not supported by the record. According to the evidence of record, Provider originally prescribed to Claimant Compazine (10 mg three times a day) and Librium (25 mg three times a day), but now only prescribes Percocet. (R.R. 32-33.) Claimant cites absolutely no legal authority for his proposition that a UR request should be considered moot on the basis that the treatment being reviewed is not currently being prescribed and we are not persuaded by his bald assertion. Furthermore, we note that this was a prospective review of Claimant's past treatment. We are likewise unpersuaded by Claimant's

5

argument in the alternative that a definite determination could not be reached by Reviewer for the disputed treatment. We again note that Claimant's argument is predicated on an unsupported factual assertion—*i.e.*, that the disputed treatment was never provided or recommended. Furthermore, Reviewer did not opine that he could not reach a definite determination, but, in fact, reviewed all the evidence submitted to him and unequivocally opined that Compazine and Librium were unnecessary and/or unreasonable.[2]

Claimant's third argument is that both the UR request and UR determination were untimely. First, as to the UR request, Claimant argues that the "third UR Request was not filed within 30 days of the first time the [Bureau] returned [Employer's] improper filing." (Claimant's Br. at 10.) Claimant appears to be arguing that the amended UR request filed on June 27, 2014, was untimely because it was filed in excess of thirty days after the March 26, 2014 UR request was returned on April 14, 2014. We first note that Claimant cites no authority for this proposition. Second, Claimant's argument ignores the fact that Employer filed a new UR request on June 9, 2014, which was returned on June 17, 2014, because the insurer claim number was missing. The returned request informed Employer that the original filing date would be preserved if a corrected version of the UR

---

[2] Claimant also asserts that the WCJ and Board capriciously disregarded his argument that Reviewer "improperly addressed causal relationship." (Claimant's Br. at 9.) It is unclear from the record if Claimant raised this issue with the WCJ, but the Board explicitly addressed this issue in the second-to-last paragraph of its opinion. (R.R. 52.) The Board noted that Claimant failed to identify specific parts of Reviewer's report which indicated Reviewer engaged in prohibited analysis. The Board concluded that the WCJ's findings did not constitute legal error: "Claimant was not diagnosed with a psychotic disorder nor was he being treated for anxiety or alcohol withdrawal to justify the medications of Compazine and Librium." (R.R. 52.) Thus, the argument was not capriciously disregarded.

request was submitted within 14 days. Employer filed a corrected UR request on June 27, 2014, ten days after receiving the returned request, and well within thirty days of the original June 9, 2014 request. Furthermore, Claimant cites no authority—statutory, regulatory, case law, or otherwise—which prohibits Employer from filing multiple UR requests. Thus, Claimant's argument that the June 27, 2014 corrected UR request was untimely has no basis in fact or law.

As to Claimant's argument that the UR determination was untimely, this argument also has no basis in fact or law. As this Court has explained, the URO has 30 days to issue a written decision. For the purposes of calculating the 30-day review period,

> a request for utilization review is considered complete upon the URO's receipt of pertinent medical records or 35 days from the assignment of the matter by the Bureau to the URO, whichever is earlier. 34 Pa. Code § 127.465(a). "A URO shall complete its review, and render its determination, within 30 days of a completed request for UR." *Id.* § 127.465(b). Thus, at latest, a URO has 65 days from the date of assignment to issue a written report. If, however, the URO receives medical records before the 35th day following assignment, the due date for the written determination would be earlier.

*Womack v. Workers' Comp. Appeal Bd. (Sch. Dist. of Philadelphia)*, 83 A.3d 1139, 1141-42 (Pa. Cmwlth.), *appeal denied*, 94 A.3d 1011 (Pa. 2014). In this case, the assignment date was July 11, 2014, and the determination due date, as calculated by the Bureau, was September 14, 2014—65 days from the date of assignment. There is no indication in the record that the URO received Claimant's medical record prior to the 35th day—August 15, 2014—which would trigger an earlier due date. The UR determination was issued on August 25, 2014, well before the September 14, 2014 due date and was, therefore, timely. Claimant does not argue that an earlier due date applied based upon the URO's receipt of Claimant's

7

medical records and does not appear to dispute that the UR determination was issued prior to the 65-day deadline.[3]  Given that there is no evidence that the UR determination was untimely, we see no need to further address this issue.[4]

Fourth, Claimant asserts that the WCJ's credibility determinations were legally insufficient in violation of the reasoned decision requirement of Section 422(a) of the Workers' Compensation Act (Act).[5]  Our Supreme Court has

---

[3] Instead, Claimant's counsel is apparently using this case as an opportunity to rehash his argument that when a UR determination is late, the consequence should be that the determination is invalid and the treatment at issue should be deemed reasonable and necessary.  Counsel raises several arguments in support of his position—arguments that this Court addressed and rejected in *Womack*, and has continued to reject every time counsel has attempted to re-litigate the issue. *Womack*, 83 A.3d at 1141-48; *Perry v. Workers' Comp. Appeal Bd. (MidAtlantic Hose Center, LLC)* (Pa. Cmwlth., No. 467 C.D. 2014, filed October 29, 2014) slip op. at 21-23; *Samuels v. Workers' Comp. Appeal Bd. (PeopleShare)* (Pa. Cmwlth., No. 848 C.D. 2014, filed January 6, 2015) slip op. at 6-7.  This Court has previously addressed and repeatedly rejected all of Counsel's earlier and identical arguments, and we see no reason to further address these arguments.

[4] Claimant again contends that the WCJ and the Board capriciously disregarded this issue.  This contention is simply not supported by the record.  The WCJ made several findings of fact regarding the timing of the UR request and determination (R.R. 41), and the Board explicitly addressed this issue on page four of its opinion, concluding that the argument was "without merit."  (R.R. 52).

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834.  Section 422(a) provides, in pertinent part:

> All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must

**(Footnote continued on next page…)**

explained that "a decision is 'reasoned' for purposes of Section 422(a) if it allows for adequate review by the [Board] without further elucidation and if it allows for adequate review by the appellate courts under applicable review standards. A reasoned decision is no more, and no less." *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 828 A.2d 1043, 1052 (Pa. 2003). The Court held that when a WCJ is faced with conflicting deposition testimony, "some articulation of the actual objective basis for the credibility determination must be offered for the decision to be a 'reasoned' one which facilitates effective appellate review." *Id.* at 1053. The reasoned decision requirement, however, "does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations; determining the credibility of witnesses remains the quintessential function of the WCJ as the finder of fact." *Reed v. Workers' Comp. Appeal Bd. (Allied Signal, Inc.)*, 114 A.3d 464, 470 (Pa. Cmwlth.), *appeal denied*, 128 A.3d 222 (Pa. 2015). The WCJ remains free to accept, in whole or part, the testimony of any witness, so long as the WCJ does not capriciously disregard evidence. *Id.* A "capricious disregard" of evidence is a "deliberate disregard of competent evidence which one of ordinary intelligence could not possibly have avoided in reaching a result." *Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe)*, 812 A.2d 478, 487 n.12 (Pa. 2002).

Here, Claimant asserts that the WCJ's credibility determination "cites no 'objective' basis beyond [Reviewer's] review of records." (Claimant's Br.

---

**(continued…)**

identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

9

at 22.)  This is a misapprehension of the WCJ's credibility determination regarding Reviewer.  The WCJ's determination is not based simply on the fact that Reviewer reviewed Claimant's record, but is, instead, based upon the fact that "[Reviewer's] opinion is supported by the medical reports, patient statement and review with Claimant's provider." (R.R. 42.)  This is different from the case cited by Claimant, *Cucchi v. Workers' Compensation Appeal Board (Robert Cucchi Painting, Inc.)*, 96 A.3d 440 (Pa. Cmwlth. 2014), in which this Court concluded that a WCJ's credibility determinations—which were based solely on the fact that the experts "thoroughly reviewed medical records[] [and] diagnostic tests and considered the statements made by [the claimant] and [his physical therapist]"—was not a reasoned decision under *Daniels*.  *Cucchi*, 96 A.3d at 443-44.  In this case, the WCJ based his decision on the fact that Reviewer's opinion was not only consistent with Claimant's medical records, but also with Claimant's own statement and Reviewer's discussion with Provider—in other words, with *all* the evidence submitted in this case.  Claimant also takes issue with the WCJ's statement that Claimant did not offer any medical evidence in opposition to the UR determination and asserts that the absence of any conflicting evidence is not a reason to credit Reviewer's report.  This, too, misapprehends the WCJ's credibility determination, which is not simply that Reviewer was credible because he was uncontradicted, but, instead, that Reviewer was credible because his opinion was supported by the evidence.  As this Court has previously noted, "[t]here are countless objective factors which may support a WCJ's credibility determinations." *Dorsey v. Workers' Comp. Appeal Bd. (Crossing Const. Co.)*, 893 A.2d 191, 195 (Pa. Cmwlth. 2006), *appeal denied*, 916 A.2d 635 (Pa. 2007).  A WCJ's determination that a medical expert's opinion is credible because it is

consistent with all the other evidence in the case is certainly one of the "countless objective factors" upon which a credibility determination can rest.[6]

Lastly, Claimant argues he should be entitled to attorney's fees because Employer failed to establish a reasonable contest. Section 440(a) of the Act[7] allows the successful claimant to be awarded costs in addition to compensation, "[p]rovided, [t]hat cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer." A reasonable contest is one "undertaken to resolve a genuinely disputed issue, rather than to harass the claimant." *Lebanon Valley Brethren Home v. Workers' Comp. Appeal Bd. (Flammer)*, 948 A.2d 185, 188 (Pa. Cmwlth. 2008). "In order to be awarded litigation costs, the claimant must prevail on an issue that was contested

---

[6] Furthermore, we note that *Daniels* and its progeny are predicated on competing or conflicting testimony, which is not present in this case, and, therefore, we question the applicability of the credibility standard enunciated in *Daniels*. Although we recognize that Employer bears the burden of proof in this proceeding, it is still an adversarial proceeding, and we suggest that if Claimant did not want all the evidence in his case to support Reviewer's opinion, he should have availed himself of the opportunity to present medical evidence which would have undermined or contradicted Reviewer's opinion.

[7] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 996(a). Section 440(a) of the Act provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

11

in the litigation before the WCJ." *Boddie v. Workers' Comp. Appeal Bd. (Crown Distribution Ctr.)*, 125 A.3d 84, 91 (Pa. Cmwlth. 2015).

Here, the issue contested in litigation before the WCJ was the reasonableness and necessity of Compazine and Librium as part of Claimant's treatment. Claimant did not prevail on this issue before the WCJ and, therefore, Claimant cannot be awarded attorney fees under Section 440(a) of the Act. *Boddie*, 125 A.3d at 91. Furthermore, we note that there is nothing in the record to suggest that Employer's motivation was to harass Claimant. Thus, Claimant is not entitled to attorney's fees.

For the reasons discussed above, the order of the Board is affirmed.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Sigda, : 
            Petitioner : 
             : 
           v. :   No. 1913 C.D. 2015
             : 
Workers' Compensation Appeal : 
Board (Buono Bakery), : 
            Respondent : 

# **O R D E R**

AND NOW, this 8th day of April, 2016, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge